## BOCKMAN v. RITTER.

[No. 2,655. Filed November 30, 1898.]

HUSBAND AND WIFE.—*Enticing and Alienating.— Complaint.—* A complaint by a husband for damages for alienating the affections of his wife by false and malicious statements need not set forth what was said by the defendant, or even state the character of any statement made by him to her whereby her affection was alienated and she was induced to separate herself from her husband. *p. 252.*

LIMITATION OF ACTIONS.—*Husband and Wife.—Enticing and Alienating.*—An averment in a complaint for alienating the affections of plaintiff's wife to the effect that defendant's wrongful conduct which produced the result for which plaintiff sought damages began four years before the suit was brought did not show that the action was barred by the statute of limitations where it appeared from the complaint that the injurious consequence of such conduct was not fully accomplished until the wife abandoned plaintiff less than two weeks before the commencement of the action. *pp.252, 253.*

HUSBAND AND WIFE.—*Enticing and Alienating.—Complaint.—* A complaint for damages for alienating the affections of plaintiff's wife is not bad for failing to allege that defendant had knowledge of the marital relation between plaintiff and his wife, where it was alleged that defendant had knowingly, purposely and maliciously alienated the affection of plaintiff's wife from him, and broken up his family. *p. 253.*

From the Kosciusko Circuit Court. *Affirmed.*

*L. R. Stookey, A. F. Biggs* and *E. Hammond,* for appellant.

*John D. Widaman, Odell Oldfather* and *Wm. D. Frazer,* for appellee.

BLACK, C. J.—In the appellee's complaint against the appellant it was shown that the appellee and one Julia F. Thorn were married on the 4th of January, 1879, and that they lived together as husband and wife from that date until the 12th of September, 1896; that four children were born to them, one of whom had died, and two girls and a boy still survived; that during that period he provided his said wife with

Bockman v. Ritter.

all necessary food and clothing, and furnished her with a good and comfortable home; that he treated her kindly and was a good and "dutiful" husband; "that about four years ago, the defendant began to poison the mind of his said wife against the plaintiff, and caused her to dislike him by maliciously making to her false statements regarding this plaintiff, and by showing her numerous marks of kindness and affection his said wife became in love with said defendant. And the plaintiff avers that on discovering the condition of mind of his said wife towards him and that she was in love with the said defendant, he tried to reason with her and to induce her to have nothing more to do with the said defendant, and he forbade the said defendant to have anything to do with his said wife. And the plaintiff avers that the defendant herein persisted in his attentions to his said wife; that he would visit her at the house of this plaintiff when the plaintiff was away from home, both in the daytime and at night, and that after the death of defendant's wife his attentions to plaintiff's wife became more numerous and his visits more frequent, until plaintiff's wife informed this plaintiff that she cared nothing for him and would not live with him longer, that she had more regard and affection for the defendant than she had for this plaintiff; and on the said 12th day of September, 1896, she finally left the plaintiff, left her home, and declared that she would live with him no longer. And the plaintiff avers that the defendant has alienated the affections of his said wife from this plaintiff, and broken up plaintiff's family; that he has done so knowingly, purposely and maliciously; and that thereby he has deprived this plaintiff of his said wife, and her aid, comfort and love." Wherefore, etc.

It is contended that upon a motion of the appellant

which was overruled, the court should have compelled the appellee to make the complaint more specific by stating therein what false and malicious statements the appellant made to appellee's wife, stating the language used and when and where the statements were made. We think the court did not err in this refusal. The gist of such an action is the plaintiff's loss of the society, comfort and assistance of his wife. In an action on the case for inducing the plaintiff's wife to continue absent, it was held sufficient to state that the defendant unlawfully and unjustly persuaded, procured and enticed the wife to continue absent, by means of which persuasion she did continue absent, etc., whereby the plaintiff lost her society, without setting forth the means of persuasion used by the defendant. *Winsmore* v. *Greenback,* · Willes, 577; 1 Chit. Pl. 405. See *Wales* v. *Miner*, 89 Ind. 118; *Higham* v. *Vanosdol*, 101 Ind. 160. In passing upon the action of the court upon the motion to make more specific, it is sufficient to say that it is not necessary in such a complaint to set forth what was said by the defendant to the plaintiff's wife, or even to state the character of any statement made by him to her, whereby her affection was alienated and she was induced to separate herself from her husband.

In discussing the action of the court in overruling a demurrer to the complaint for want of sufficient facts, it is claimed that the complaint shows that the cause of action was barred by the statute of limitations, that it appears from the complaint that whatever damage was done was accomplished more than two years before the commencement of the action. This claim in argument is based upon the statement in the complaint, that "about four years ago the defendant began to poison the mind" of the appellee's wife. But it appears from the complaint that the in-

jurious consequence of the appellant's wrongful con-
duct for which the appellee sought damages was not
fully accomplished until the wife left her home and
the appellee, and declared that she would not live
with him longer.   This was on the 12th day of Sep-
tember, 1896, which was less than two weeks before
the commencement of the action.   That it required
four years of wrong to accomplish this result cannot
operate to the benefit of the wrongdoer.   We are not
required to determine whether it should not empha-
size the injured husband's loss.

It is further objected that the complaint is bad for
want of an averment that the appellant had knowl-
edge of the marital relation between the appellee
and his wife.   The averment that the appellant had
knowingly, purposely and maliciously alienated the
affection of the appellee's wife from him, and broken
up his family, taken in connection with the preceding
averments of the complaint, fully obviates any objec-
tion to the pleading upon such ground.

There were two trials of the cause, and it is as-
signed that the court erred upon the first trial in
overruling the appellant's motion for judgment in his
favor upon the special verdict rendered by the jury at
that trial; also, that it erred in sustaining appellee's
motion after the first trial for a *venire de novo*.   The
special verdict on the first trial, consisting of inter-
rogatories and answers, was defective.   It contained
much evidence against the appellant, with some in-
consistencies.   It was so ambiguous and uncertain,
that we think it was not error to grant a *venire de
novo*.   If we are right in this conclusion, there could
be no error in refusing judgment for the appellant
upon the special verdict.

Counsel for appellant have criticised one of the in-
structions to the jury.   When considered in connec-

tion with the other instructions and the findings of the jury in answer to interrogatories returned with the general verdict, the instruction in question cannot be regarded as so incomplete or defective as to render the giving thereof available error, and the discussion of the matter would not be useful. The judgment is affirmed.