## FARNEMAN *v.* FARNEMAN.

[No. 6,795. Filed February 3, 1910. Rehearing denied June 3, 1910. Transfer denied November 17, 1910.]

1. LIMITATION OF ACTIONS.—*Exceptions.—Pleading.*—The statute of limitations will be considered as running from the time the cause of action accrues, unless an exception to the running thereof is pleaded. p. 457.
2. LIMITATION OF ACTIONS.—*Accrual of Right of Action.—Exceptions.*—The statute of limitations begins to run when a party has

a legal right to sue, except where extrinsic facts are interposed postponing the operation thereof. p. 457.

3. HUSBAND AND WIFE.—*Alienation.*—*Gist of Action.*—The gist of an action by a wife for the alienation of her husband's affections is the loss of the society, affection and *consortium* of the husband. p. 457.

4. HUSBAND AND WIFE.—*Alienation.*—*Accrual of Right of Action for.*—The accrual of a right of action to the wife for the alienation of her husband's affections arises when the husband finally separates from the wife, and the wife's attempts to regain his favor do not affect the running of the statute. p. 457.

5. LIMITATION OF ACTIONS.—*Accrual of Right of Action.*—*Question for Jury.*—*Evidence.*—The question as to when a right of action accrues is for the jury, but the jury must be controlled by the evidence. p. 459.

6. APPEAL.—*Briefs.*—*Waiver.*—Questions not discussed are waived. p. 459.

7. APPEAL.—*Mandate.*—*Death.*—Where death intervenes after appeal, the decision will be made to operate as of the date of submission. p. 459.

8. HUSBAND AND WIFE.—*Alienation.*—*Malice.*—Evidence that after plaintiff's husband had finally separated from her, the husband's mother consulted her attorney in reference to a right of way suit, and then said that her son, plaintiff's husband, wished to know how long he would have to wait to get a divorce, shows neither malice on the part of the mother-in-law, nor a continued effort on her part to keep her son and the plaintiff separated. p. 459.

From St. Joseph Circuit Court; *Walter A. Funk,* Judge.

Action by Mary Estella Farneman against Lucy Farneman. From a judgment for plaintiff, defendant appeals. *Reversed.*

*Frank H. Dunnahoo* and *George Ford,* for appellant.
*Meyer & Drummond,* for appellee.

HADLEY, J.—Action by appellee against appellant for damages. It is averred in the complaint that appellee was married to Herbert Farneman, son of appellant, on April 11, 1900; that they lived together on a farm owned by appellant until July 14, 1901, when appellee and her husband separated, and since that time have lived apart; that during their separation appellee's said husband has made no

provision for her support, has manifested no affection for her, and has made no effort to live with her or to see her, but, on the contrary, has deprived her of his society, comfort and support, and she has been compelled to support herself; that this condition of affairs was brought about by appellant, who, maliciously and with intent to alienate the affections of appellee's husband, persistently made disparaging remarks concerning appellee, held her up to scorn and ridicule, and urged said husband to neglect her, to remain away from home at night, and caused him to become intoxicated, all for the purpose of alienating said husband and causing a separation between them. There were various other acts charged to have been maliciously done and performed by appellant for the purpose of alienating said husband from his said wife. It was also averred that, by reason of appellant's dominance and influence over her said son, her continuous malicious conduct resulted in the separation of appellee and her husband on July 14, 1901, and that by reason of said malicious acts of said appellant said separation was continued and maintained until the bringing of this action.

To this complaint appellant filed a demurrer, which demurrer was overruled, and appellant answered in two paragraphs: (1) By general denial; (2) by averring that "plaintiff's cause of action did not accrue within two years before the bringing of this action." On the issues thus made, a trial was had, and a verdict rendered in favor of appellee. With the general verdict the jury returned answers to interrogatories. Appellant moved for judgment on the answers to interrogatories, and the motion was overruled. Appellant then moved for a new trial, and the motion was overruled. The rulings on these motions are assigned as errors. Two of the specifications for a new trial were that the evidence was insufficient to sustain the verdict and that the verdict was contrary to law. Appellant insists that the evidence is not sufficient to sustain the ver-

dict and is contrary to law, the basis of this contention being that the evidence shows, without dispute or contradiction, that all the acts of appellant, which might indicate that appellant was seeking to alienate the affections of appellee's husband, were done and performed before the separation in July, 1901, and more than two years before the bringing of this action. The undisputed evidence shows the following facts: Appellee and her husband separated on July 14, 1901, she going to her home and he to his mother's home. At the separation, her husband said to her, in substance, that their affairs had reached the point where she would have to go to her home; that he was not going to stay any longer; that his mother wanted him to go home, and that he was going to stay with her as long as she lived, and whatever she asked him to do he was going to do; that his love for appellee had faded; that all he had married her for was to keep some one else from getting her. Upon appellee's saying to him: "You do not intend to do what you say. You will not think the way you are thinking now," he replied, in substance, that he would not think differently; that he would stay with his mother as long as she lived. A few days after, appellee went to appellant's home to see about getting some effects she had left there, and at that time had another talk with her husband, at which time she asked him if he did not think it was best for them not to act that way, and for them to go away together and do as they ought to, to which he replied, that he was there at home and there he was going to stay; that was his home. After this conversation appellee never spoke to him, nor wrote to him, nor had any communication with him whatever; neither did he speak to her, write to her, nor have any communication with her. He lived at the home of appellant, his mother, continuously up to the time of the commencement of this action.

On February 8, 1904, appellee's husband instituted a suit for divorce. This action was begun on December 7,

1904. After the time of the separation, the only evidence of any act on the part of appellant with relation to the matters in controversy was to the effect that some time in 1903, whether before or after the expiration of two years from the separation is not shown, appellant consulted an attorney as to how long her son and his wife would have to be separated before her son could maintain a suit for divorce on the ground of abandonment. Under this state of the evidence, it is earnestly insisted by appellant that the verdict should have been for appellant, for the reason that such evidence shows, without conflict, that the cause of action was barred by the statute of limitations.

1. The statute of limitations, in this case, began to run when appellee's cause of action accrued, there having been no exception pleaded. The only question, therefore, in this case is, When did the cause of action accrue?

2. A cause of action accrues at the moment the party owning it has a legal right to sue on it, except in cases where extrinsic facts are interposed which would postpone the operation of the statute. *Hecht* v. *Slaney* (1887), 72 Cal. 363, 14 Pac. 88; 19 Am. and Eng. Ency. Law (2d ed.) 193.

3. The gist of appellee's action is the loss of the society, affection, assistance and conjugal fellowship, or *consortium*, of her husband. *Jonas* v. *Hirshburg* (1897), 18 Ind. App. 581; *Wales* v. *Miner* (1883), 89 Ind. 118; *Gunder* v. *Tibbits* (1899), 153 Ind. 591; *Bockman* v. *Ritter* (1898), 21 Ind. App. 250; *Hecht* v. *Slaney, supra; Gregg* v. *Gregg* (1906), 37 Ind. App. 210; *Adams* v. *Main* (1891), 3 Ind. App. 232, 50 Am. St. 266.

4. Applying these rules, which are well established, it seems clear that appellee had a legal right fully to maintain this action at any time after the final separation in July, 1901. Appellee insists, however, that the act of alienation was a continuing one, and seeks to apply the

rules laid down in the cases of *Gunder* v. *Tibbits, supra, Haymond* v. *Saucer* (1882), 84 Ind. 3, and *Michael* v. *Dunkle* (1882), 84 Ind. 544, 43 Am. Rep. 100. But these cases are not analogous to this case.

In the cases of *Gunder* v. *Tibbits, supra,* and *Haymond* v. *Saucer, supra,* it was held that continuous acts of seduction, under promise of marriage, were all the part of one wrong, and that the statute did not begin to run after the first act. In the case of *Michael* v. *Dunkle, supra,* it was shown that appellee's wife was seduced while they were separated, and while he was trying to effect a reconciliation. But in the case at bar it appears that the alienation was fixed and complete at the time of the separation. There is not a syllable of testimony that appellee's husband thereafter desired to return to her, or that appellant sought to keep them apart. If the evidence had shown that there had been recurring reconciliations or desire for reconciliation, on the part of appellee's husband during the separation, and such reconciliations, or desire for reconciliation had been broken up, destroyed or affected by the malicious acts of appellant, the case would be entirely different and the rules of the cases referred to might properly be invoked. In view of the conversation between appellee and her husband at the time of their separation, and their subsequent conduct towards each other, it cannot be inferred, from his filing a suit for divorce for abandonment in February, 1904, that he had any affection for, or desire for conjugal fellowship with, appellee up to that time. Appellee insists that when the action accrued was a question of fact for the jury, and that the jury found, in answer to interrogatories, that appellant, after the separation, in July, 1901, did some act or thing which was wilfully and maliciously intended by her to alienate the affections of her son from appellee; that this cause of action did not accrue on or before July 14, 1901, and that appellee's husband's affections became entirely alienated at the time he instituted his suit for divorce.

It is true that when a cause of action accrues is a question of fact for the jury; but this does not mean that the jury may arbitrarily fix a time for the accrual of an action with no evidence or proper inference to support such determination and, as here, in the face of undisputed evidence to the contrary. The answers to interrogatories referred to were wholly unwarranted and unsupported by any evidence. No reason is given or authorities submitted to sustain the assignment questioning the ruling on the demurrer to the complaint, and it is therefore considered waived. The death of appellant after submission has been suggested to the court.

For the foregoing reasons the judgment is reversed, as of date of submission with instructions to grant a new trial.

## On Petition for Rehearing.

HADLEY, J.—Appellee directs our attention to the fact that we are in error in stating that the evidence does not show whether the consultation of appellant with Mr. Dunnahoo was within two years from the final separation of appellee and her husband. Upon a reëxamination of the evidence, we find that appellant went to Mr. Dunnahoo's office in February, 1903, which was within two years after the separation, to consult him in regard to the right of way suit with which she was threatened; and after consulting with him in regard to the matter in hand, as she was leaving she said: ''Herbert (appellee's husband) wants to know how long he would have to wait to get a divorce;'' and the lawyer told her that the husband and wife would have to be separated two years. The evidence shows that when she reported this fact to her son, she laughed.

We think it is apparent that these facts are wholly in-

sufficient to show either malice or a continued effort on the part of appellant to keep her son and appellee separated.

With this modification, the petition for a rehearing is denied.