# FRICK-REID SUPPLY CO. v. AGGERS.

### No. 758. Opinion Filed March 21, 1911.

#### (114 Pac. 622.)

**NEW TRIAL—Remission of Damages—Operation and Effect—Right to Judgment.** In a suit on account defendant, by way of cross-action, pleaded certain unliquidated damages as a set-off. The jury found for defendant in the amount of the sum sued for in the account, which was in excess of the amount laid in the **ad damnum** of his cross-action. As a condition of refusing a new trial, the court ordered and defendant remitted all but $1 of the amount so recovered, whereupon the court rendered judgment for defendant for said amount and cost. **Held** error, as defendant was not entitled under the pleadings to a judgment for a balance over against plaintiff in any amount.

(Syllabus by the Court.)

*Error from Tulsa County Court; N. J. Gubser, Judge.*

Action by the Frick-Reid Supply Company against W. A. Aggers. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

*John B. Meserve,* for plaintiff in error.
*Elliott & Ramsey,* for defendant in error.

TURNER, C. J. On January 6, 1908, Frick-Reid Supply Company, plaintiff in error, sued W. A. Aggers, defendant in error, in the county court of Tulsa county on account for supplies sold and delivered to defendant at his request in the sum of $628.63. Among the items in the account was one Lawrence cable, $577.88. To this defendant answered, in effect, a general denial, and set up that plaintiff had breached his warranty made at the time of the sale of the cable, in that the same was not a good cable and not fit for the uses and purposes for which it was intended. He further answered that prior to the sale of the cable he had bought of plaintiff one 25 horse power Mannington boiler for which he was charged $360; that plaintiff had breached his warranty made at the time of its sale, in that said boiler was not

as good as any made, in first-class and sound condition and fit for the work for which it was intended; that by reason of said breach of warranty he was compelled to and did stop drilling for four days at a loss to him of $84 in the wages of four men and $40 for repairs on said boiler; that said boiler at the time of the warranty was reasonably worth $150 only, and, in effect, prayed damages in the amount charged for the cable and the further sum of $334 on the boiler, and that the same be set off against said account. After plaintiff had replied, denying the respective warranties, there was a trial and verdict for defendant for the exact amount of the account sued, $628.63, whereupon the court required him to and he did enter a *remittitur* for all but $1, for which the court rendered and entered judgment together with costs, and plaintiff brings the case here.

There is little we can review in this case, as there is no demurrer to the pleadings or the evidence, no motion to instruct peremptorily for either side, and no testimony the admission or rejection of which can be here considered, for the reason that the same is not set forth in plaintiff's brief pursuant to rule 25 of this court (20 Okla. xii, 95 Pac. viii). For the same reason only two instructions are subject to our review, the first of which is that the court erred in stating the issues as follows:

"This is an action brought by the Frick-Reid Supply Company for money owed on account for oil well supplies sold to W. A. Aggers. The plaintiff claims $628.63 for items which they set forth in bill of particulars, or 'Exhibit A,' which they have attached to their complaint. The defendant admits that he bought all of this stuff, but he claims that at the time the boiler and cable were bought that there was a warranty by the plaintiff, either expressed or implied, that they were good merchantable articles for the purpose intended, namely, for the purpose of drilling oil and gas wells. The defendant contends that this cable and boiler were defective, and that, by reason of the defective condition of the boiler and cable, be suffered certain damages. As against this $628.63, the defendant asks a set-off of $334; in other words, the defendant admits that there is only due the plaintiff.

from him the difference between the $628.63 and this $334 set-off. Gentlemen of the jury, the defendant asks for judgment for $285.25. He does not put it in those words, but it amounts to that in their pleadings."

The objection that the same is unintelligible cannot be sustained. To maintain the issues on his part, after plaintiff had proved his account and rested, defendant introduced testimony tending to prove a warranty of the cable, as alleged, and, as a breach thereof, that after using it a short time a strand of it became defective, requiring him to chop off a part of it from time to time and finally to discard its use after he had bored two wells, and that the life of the cable should have been six wells. No attempt was made to prove his measure of damages under this issue (Snyder's Stats. of Okla. 1909, 2900-2901). After introducing evidence tending to prove the breach of the warranty as to the boiler, defendant proved that immediately after it was set up it began to leak, and, as his measure of damages, that he spent $40 in repairs thereon and while making those repairs was shut down, resulting to him in loss of the time of two hands two days at an expense of $4.50 each and two at $5 each, and that at the time of the purchase the boiler was reasonably worth $150 only; showing that he stood to recover, if at all, on this issue $292. It will thus be seen that the charge of the court in effect was that the claim for a breach of warranty of the cable had been dropped by defendant; that he had introduced no proof tending to show his measure of damages on that issue; and that the only issue between them was the question of the warranty of the boiler and for which plaintiff stood to recover under the pleadings and proof $285.25. How the court arrived at that amount, instead of $292, as we have done, is immaterial. It is sufficient to say that plaintiff cannot be heard to complain, when defendant does not, at an instruction such as this which eliminates one of defendant's grounds of recovery on his cross-action from consideration, and limits the amount of his recovery on the other ground below that laid in his *ad damnum*.

Nor did the court err in refusing to give the following:

"The court instructs the jury that: A purchaser, when he makes his contract, has a right. if he so requires it, to demand an express warranty of the quality of the goods bought, and, in the absence of such warranty, he is presumed to rely upon his own judgment and examination of the property; and, though he may make a bad bargain and pay more than the property is worth, he cannot claim to be relieved from the consequences of his own imprudence or carelessness merely on that account. But if, in the making of the contract, the vendor or seller makes use of any artifice or device, or such fraudulent and false representations in regard to the material facts, of which he has special means of information, and knows the buyer is purchasing on the strength of his statements about the matters of which he has peculiar means of information, and difficult of access to the buyer, and by such false and fraudulent representations, in such matter material to the trade, he designedly prevents the purchaser from making examinations and induces him to buy in ignorance of such defects, known to plaintiff, then the defendant would be entitled to be relieved to the extent of injury shown by the evidence to have been suffered by him by reason of such false and fraudulent representations. In the absence of any express warranty, the rule of *caveat emptor*, that the purchaser must look out for his own interest, prevails and prudence to inform himself and discover the quality of the article he buys; and he is not supposed to rely upon any mere ordinary puff or commendation of his goods, made by the seller in the course of the trade, but he may claim relief for any deliberate fraud practiced upon him by the plaintiff seller" —for the reason there is no allegation or proof of fraud or false representations in the sale of this property, and hence an instruction proper in such case has nothing to support it here, and besides was calculated to mislead the jury.

But, as the verdict of the jury for $628.63 was largely in excess of the *ad damnum* laid bv the defendant and the $285.25 to which the court, without objection, limited his recovery thereunder, we are of opinion that the error assigned that the verdict was excessive must be sustained; that is, unless cured by the *remittitur* ordered by the court and entered by defendant. This it did not do, for the reason that, as the amount laid in defendant's

*ad damnum* was less than the amount of plaintiff's account, defendant was not, under the pleadings, entitled to judgment for any balance against plaintiff, and it was error for the court to enter such judgment for defendant for any amount. For that reason the judgment, being unsupported by the evidence, must be set aside and a new trial granted. It is so ordered.

Reversed and remanded.

All the Justices concur.