## BADGER OIL CO. v. CLAY.

No. 10114—Opinion Filed May 24, 1921.

Rehearing Denied Aug. 31, 1921.

(Syllabus.)

1. **Brokers—Judgment for Commission—Sufficiency of Evidence.**

Evidence examined, and held to be sufficient to support the verdict of the jury.

2. **Trial—Instructions—Refusal of Requests —Repetition.**

It is not error to refuse instructions requested, where the instructions, so far as they correctly state the law applicable to the case, are covered by the instructions given by the court.

3. **Trial—Instructions—Sufficiency — Construction.**

The instructions of the court should be considered as a whole and in their entirety, and no particular paragraph thereof should be singled out and given an interpretation which some other paragraph clearly shows was not intended to be placed upon it.

4. **Corporations—Venue of Actions Against —Process.**

C. brought suit in Grady county against a domestic corporation which had its principal office and place of business in Garfield county, and obtained service of summons upon the president of the corporation in Grady county. Held, the court had jurisdiction of the corporation, the president of the corporation being in Grady county, not "going, returning, or attending in obedience to any subpoena," nor being in Grady county, through any artifice, trickery, or fraud, or the procurement of the plaintiff.

Error from District Court, Grady County; Will Linn, Judge.

Action by R. P. Clay against the Badger Oil Company to recover broker's commission. Judgment for plaintiff, and defendant brings error. Affirmed.

P. C. Simons, for plaintiff in error.

Bond, Melton & Melton, for defendant in error.

McNEILL, J. This action was commenced in the district court of Grady county by R. P. Clay against the Badger Oil Company, to recover a broker's commission in the sum of $5,000. The allegations of the petition were that the Badger Oil Company employed the plaintiff to find a purchaser of its interest in an oil lease for the sum of $100,000, and agreed to pay a commission of five per cent. The petition alleged that, pursuant to said agreement, plaintiff negotiated the sale of the property and sold the same to C. N. Haskell for the Sinclair Oil & Gas Company, but defendant refused to convey title pursuant to said contract and refused to deliver title for examination and failed and refused to carry out said contract of sale; that the purchaser to whom the plaintiff sold the property was ready, willing, and able to buy the property and pay therefor.

To this petition, the defendant answered, admitting it was a corporation, and objected

to the jurisdiction of the court for the reason it was a domestic corporation with its place of business in Garfield county, and was not properly sued in Grady county. Further answering, it admitted it had authorized Clay to find a purchaser for an interest in the oil and gas lease, and was able and willing at all times to sell said lease upon the terms and conditions it had authorized Clay to sell the same, but the purchaser refused to carry out the terms of said contract. Said case was tried before a jury, and the jury returned a verdict in favor of plaintiff and against the defendant for the sum of $5,000. From said judgment, the Badger Oil Company has appealed.

For convenience, the parties will be referred to in the same position they occupied in the trial court.

The defendant's assignments Nos. 1, 2, 6, and 7 are submitted as follows: That under no phase of this case, under the issues as framed, is plaintiff entitled to recover. This simply goes to the question of whether there is any evidence reasonably tending to support the verdict of the jury.

The evidence in the case is conflicting, and in determining whether there is any evidence reasonably tending to support the verdict of the jury, it is unnecessary to consider the evidence that contradicts the evidence of the plaintiff, but will the evidence, most favorable to the plaintiff, if believed by the jury, support the verdict? There is evidence in the record that the Sinclair Oil & Gas Company had agreed to purchase the interest of the defendant in the lease for $100,000. The parties met in Tulsa for the purpose of consummating the sale, and Mr. Chandler, the attorney for the Sinclair Oil & Gas Company, refused to approve the title as submitted, it appearing there was a suit pending in Creek county and one threatened to be filed which would materially affect defendant's title. There is evidence that after Mr. Chandler made his report adverse to defendant's title the parties met in Mr. Haskell's office and discussed the question of supplying what purported to be the defects in the title by affidavit, and Mr. Haskell was to proceed to procure the necessary affidavits. There is some evidence that Mr. Haskell made arrangements to procure said affidavits and did procure them, and it was testified to without objection that the Sinclair Oil & Gas Company then expressed its willingness to accept the title and consummate the deal. The plaintiff wired the defendant company to this effect at their office at Enid, and talked to the defendant's officers and notified them that the Sinclair Oil & Gas Company was ready, able, and willing

to consummate said deal and requested they come to Tulsa and complete said sale, but they refused to come to Tulsa to consummate said deal and refused to have anything further to do with the sale.

Plaintiff contends the difficulty arose by Mr. Athey, the president of the Badger Oil Company, demanding one-half of the commission from plaintiff, or $2,500, which plaintiff refused to give, and Mr. Athey stated if plaintiff refused to give him $2,500, or one-half of the commission, that he, Mr. Athey, as president, would refuse to make the sale. The evidence regarding these transactions is conflicting, but there is evidence in the case to support the material allegations of the petition, and to support a verdict for the plaintiff. The facts bring the case almost squarely within the facts of the case of Strickland v. Palmer, 70 Oklahoma, 172 Pac. 932, where this court stated:

"In an action for a commission for the leasing of some land for oil and gas purposes, it is no defense that the agent did not procure a written lease or contract, where the lessor failed to comply with his contract, and the nonprocurement of the contract or lease was due to his own act."

Defendant next argues that the court erred in refusing to give instructions Nos. 1, 2, 3. 4, and 5 requested by the defendant. Instruction No. 1, requested by defendant, was covered by instruction No. 4, given by the court. Instruction No. 3, requested by defendant, was substantially the same as instruction No. 3, given by the court. Instruction No. 4 was substantially the same as instruction No. 4, given by the court. This court, in the case of Felt v. Westlake, 68 Oklahoma, 174 Pac. 1041, stated as follows:

"The refusal of defendant's requested instructions was not error, where. in so far as they correctly stated the law, the principles were covered by the instructions given."

Instruction No. 2, requested by plaintiff in error, was to the effect that if plaintiff knew or learned that the lease he was attempting to sell was involved in litigation and if the sale failed by reason of the title or because the title was in litigation, the plaintiff could not recover. There was no such issue in the trial of this case. No attempt was made by plaintiff to recover upon such a theory, no evidence was introduced upon which such an instruction could have been founded, and the court submitted no instruction that would authorize the plaintiff to recover on such a theory; therefore it was not error for the court to refuse said instructions.

Instruction No. 5, requested by plaintiff in error, was an instruction regarding the defect in title. The question of title was not an is-

sue in the case, and it was not error to refuse this instruction.

Plaintiff in error next complained that instructions Nos. 5 and 5½, given by the court, were erroneous. Instruction No. 5 instructed the jury that a party who lists property with a broker for sale is presumed to furnish good and merchantable title to the same, unless there is a special agreement to the contrary. As an abstract proposition this instruction no doubt correctly states the law; although the question of title was not involved, the giving of said instruction would not require a reversal unless the same was prejudicial. There was no instruction authorizing the jury to find for the plaintiff and against the defendant upon the theory that defendant's title was defective. There was evidence that might justify the giving of said instruction, not upon the theory that the plaintiff could recover upon that theory, but because the evidence disclosed the abstract was submitted and the title objected to for certain reasons, and the parties thereafter supplied the defects in the title. Whether it was a proper instruction or not, is unnecessary to determine, but it certainly was not a prejudicial instruction. Instruction No. 5½, complained of, instructed the jury that if they found that the contract for sale provided that the sale should be consummated before the 1st of June, and if they found the sale was not consummated before the 1st of June by reason of the Badger Oil Company refusing to convey title to the Sinclair Oil & Gas Company, the plaintiff would be entitled to his commission. The court in said instruction further provided that should the jury find and believe from the evidence that the defendant was at all times prior to the 1st of June willing and able to convey title to the purchaser, and the reason the same was not consummated was due to the fault of the purchaser not taking the same, then the plaintiff could not recover. The objection to this instruction is, it contains the word "able" in the phrase, "is willing and able to deliver title to the purchaser." This instruction, if standing alone, might be subject to criticism, but in considering instructions of the court this court must do so according to the well-established rule announced in the case of Allison v. Bryan, 50 Okla. 677, 151 Pac. 610, as follows:

"The instructions of the court should be considered as a whole and in their entirety, and no particular paragraph thereof should be singled out and given an interpretation which some other paragraph clearly shows was not intended to be placed upon it."

The instructions as a whole, when taken together, submit the question of fact to the jury upon the theory that plaintiff was entitled to recover when he found a purchaser ready and willing to purchase the property and defendant refused to convey. When you consider this instruction with the other instructions and consider them as a whole, we think it was not prejudicial, for, considering the instructions as a whole, the plaintiff was not entitled to recover upon the theory of defect in title, or that defendant was unable to convey title.

It is next contended that the court was without jurisdiction to try the case in Grady county. Personal service in this case was had upon the president of the Badger Oil Company in Grady county and the president was also sued in his individual capacity, jointly with the company, and personal service had on him at the same time while in Grady county, and on the trial of the case the court sustained a demurrer to the evidence as to the president being liable in his individual capacity.

Section 4674, Rev. Laws 1910, provides, in substance, that a domestic corporation may be sued in any county in which it is situated or has its principal office or place of business, or in which any of the principal officers may reside or be served with summons. The president of this company was served with summons in Grady county. He was there voluntarily, not induced to come to Grady county by any artifice, trick, or fraud, nor was he there in attendance at court or in obedience to any subpoena. Under the statute, the service upon the president was service upon the corporation, and being regularly served with summons, the court had jurisdiction.

There being sufficient evidence to support the verdict of the jury, and there being no prejudicial error in the record, the judgment of the trial court is therefore affirmed.

HARRISON, C. J., and PITCHFORD, MILLER. and NICHOLSON, JJ., concur.