## COMMERCIAL SECURITIES CO. v. JOLLY.

No. 13750—Opinion Filed Sept. 23, 1924.

1. **Bills and Notes—Action by Transferee—Defenses Available.**

In an action by the transferee of nego-

tiable promissory notes, where the answer alleges failure of consideration and knowledge on the part of such transferee of the failure of consideration prior to the transfer of the notes, any evidence which reasonably tends to support this allegation is competent and material upon the issue of whether plaintiff is a holder in due course, for value and without notice.

## 2. Trial—Instructions—Requests — Refusal —Instructions Considered as a Whole.

Where a requested instruction invades the province of the jury to determine a fact, or submits an issue not raised in the case, its refusal is proper. Instructions by the court, of which complaint is made, must be considered in connection with all the other paragraphs, and when instructions as a whole correctly state the law without confusion or misleading distinctions, such instructions are sufficient.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Pittsburg County; Hal Johnson, Assigned Judge.

Action by Commercial Securities Company, a corporation, against W. D. Jolly. Judgment for defendant, and plaintiff brings error. Affirmed.

Plaintiff commenced this action as assignee and holder of five promissory notes executed by defendant March 16, 1921, in favor of Acme Phonograph Company, each note being for the sum of $92. The first note was due May 16, 1921, and the others monthly thereafter.

Defendant answered by general denial, by a special plea of failure of consideration, and by a further special plea of knowledge on the part of the plaintiff at the time it purchased the notes, if it did purchase them, of such failure of consideration.

Reply was filed to this answer, in form a general denial.

An examination of the record discloses substantially the following facts: March 16, 1921, one Crockett called on defendant at his place of business in Alderson, a small town in Pittsburg county; Crockett was soliciting orders from country merchants for phonographs and supplies to be furnished by Acme Phonograph Company; he had no authority to close a contract, but took signed orders and notes subject to approval and acceptance of the company. Crockett left defendant's store on the night of March 16, just in time to catch the interurban car from Alderson to McAlester, which arrived in McAlester at 9:30 p. m. The mail train to Kansas City left McAlester at 2:30 a. m.,

March 17th, and would reach Kansas City about 1:30 p. m. on that day. Early on the morning of March 17th defendant made inquiries of certain merchants named to him by Crockett, and on this information sent a telegram to the Acme Phonograph Company countermanding the order, which telegram was received by the company at 11:30 a. m., March 17th. On the 18th the company mailed defendant its acceptance of his order, and on the 23rd, according to plaintiff's testimony, sold and transferred the notes of defendant to plaintiff. Defendant never received the phonographs and supplies. May 16, 1921, when the first note fell due it was in a bank at Haileyville, in Pittsburg county, for collection, and was presented to defendant for payment on its due date and payment refused. This note did not then bear the endorsement of the Acme Phonograph Company. One L. Saul, a clerk in the office of the phonograph company, was also an agent of plaintiff, employed by it to look after the collection of notes which it purchased from the phonograph company. She receipted for the telegram sent by defendant March 17th, countermanding the order.

The case was tried February 20, 1922, and resulted in a verdict and judgment for defendant, to reverse which this proceeding in error was commenced by petition in error with case-made attached. The parties will be hereafter referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

A. C. Markley, for plaintiff in error.

J. S. Arnote, for defendant in error.

Opinion by LOGSDON, C. Only three propositions are urged by plaintiff in its brief, as follows:

(1) Error of trial court in admitting evidence.

(2.) Error of court in refusing and giving instructions.

(3.) The verdict and judgment are contrary to the evidence and law.

The evidence first complained of under the first proposition is that of defendant relating to his effort by telegram to countermand the order before it was received and approved by Acme Phonograph Company. This was clearly competent and admissible under the issues framed by the pleading. Another contention is that the court erred in permitting the introduction in evidence of a certified copy of certain proceedings had in an action in the circuit court of Jackson county, Mo. The purpose of this testimony

was to fix a date as being prior to the purchase of these notes by plaintiff. Plaintiff's witness, Smith, testified that he didn't remember whether these proceedings were before or after the purchase of these notes. The court limited this evidence to the purpose of fixing the time, which was proper, and for this purpose the evidence was admissible. It is next contended that the court erred in permitting defendant to introduce in evidence the proceedings for the incorporation and for the increase of stock of the Acme Phonograph Company which showed that plaintiff's witness, Smith, then stated under oath that he was a bona fide holder of stock in that company. He testified in this case that he never at any time owned such stock. This testimony was competent and admissible for purposes of impeachment. Defendant's effort was to show a connection between the plaintiff and the Acme Phonograph Company as a circumstance to disprove the good faith of plaintiff's purchase of the notes. Smith is an officer and director of plaintiff, but denied that he ever owned any stock in the Acme. This evidence was clearly competent for both purposes. The last contention under this proposition is that the court erred in admitting in evidence the contract or order signed by defendant at the time he signed the notes. The notes sued upon show upon their face that they are given for goods purchased. By his answer defendant alleged that the notes and order were executed subject to approval and acceptance by the Acme Company, and that he countermanded the order before it was received and approved. This would show that no contract ever existed, and that the notes were never legally binding. He also alleged that plaintiff had knowledge of this fact before it took the notes. The order and notes constituted one entire contract, and the order was competent and material upon the issue as to whether the notes were executed unconditionally or were conditional upon approval of the entire contract by the Acme Company. This evidence was not, as contended by plaintiff, introduced to prove fraud, but to prove that the notes were not delivered as binding obligations until approved by the Acme. This evidence was material upon the issue raised by the answer that the order was countermanded before its approval, so that the notes never became delivered obligations.

Under the second proposition plaintiff complains of the refusal of the court to give certain requested instructions. The first of these was for a directed verdict. There was no error in its refusal. The second instruction requested told the jury that the

notes sued on were endorsed and for value. This was an issue of fact raised by the answer and properly determinable by the jury. This part of the instructions was an invasion of the province of the jury, and was properly refused. The third requested instruction told the jury that plaintiff was entitled to recover unless it had, at the time it took the notes, actual knowledge of fraud on the part of the Acme company in procuring said notes. The issue of fraud was not raised by the answer, so that this instruction was in no way applicable. Complaint is also made of the fourth and fifth paragraphs of the court's charge to the jury. It frequently occurs that isolated paragraphs of instructions may be verbally inaccurate and subject to criticism when standing alone. But instructions are not to be so considered. Instructions must be considered as a whole, and each paragraph be considered in its relation to every other paragraph. Great Western Mfg. Co. v. Davidson Mill & Elevator Co., 26 Okla. 626, 110 Pac. 1096; First Nat. Bank of Tishomingo v. Ingle, 37 Okla. 276, 132 Pac. 895; Weller v. Dusky, 51 Okla. 77, 151 Pac. 606; Badger Oil Co. v. Clay, 83 Okla. 25, 200 Pac. 433. It is not considered that the paragraphs complained of erroneously stated the legal propositions involved in them, but if they were in fact verbally inaccurate they could not have misled the jury when read in connection with the other paragraphs of the charge. This the jury was expressly directed to do.

Plaintiff's third proposition challenged the sufficiency of the evidence to support the verdict and judgment. It is too well settled in this state to require citations that when the verdict of a jury in a law action is based upon conflicting evidence, and the jury has received proper instructions as to the law, its findings as to the facts will not be disturbed in this court.

It is therefore concluded that the judgment of the trial court herein should be in all things affirmed.

By the Court: It is so ordered.