**BROWN, nee FOLWELL, v. BROWN.**

No. 13915—Opinion Filed Oct. 21, 1924.

Rehearing Denied Nov. 25, 1924.

**1. Husband and Wife—Action for Alienation of Husband's Affections—Evidence.**

In an action for alienating the affections of a husband the admission of evidence of the acts of the defendant toward the husband designed and calculated to alienate such affections, covering a period of years before the actual abandonment of the plaintiff by such husband, is not error, where the action is filed within the statutory period of limitation after such abandonment.

**2. Same—Limitation of Actions.**

The gist of an action by a wife for the alienation of her husband's affections is the loss of society, affection, assistance, conjugal fellowship, and consortium of her husband and the period of limitations against such an action runs from the dates of the loss of the consortium, and evidence tending to show that defendant began to practice her wiles and blandishments upon the husband four years before the action is brought does not show that the action is barred by the two-years limitation, where it further appears that the husband did not leave the wife and refuse to live with her until a period of less than two years prior to the filing of the action.

**3. Trial—Instructions — Construction as a Whole.**

An instruction is not only to be construed as to every sentence thereof, but must be construed as a whole, and in connection with all the instructions given by the court, and it is not necessary that any particular instruction contain all the law of the case. It is sufficient if, when taken together and considered as a whole, they fairly present the law of the case, and there is no conflict between the different paragraphs thereof.

**4. Appeal and Error — Review of Instructions—Defective Briefing.**

Rule 26 of the rules of the Supreme Court provides: "Where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portion to which he objects or may save exceptions," and where this provision of the rule is not complied with, the court will not consider the objections to the refusal of such instruction.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Tulsa County; W. B. Williams, Judge.

Action by Dora Brown against Priscilla Brown, nee Folwell. Judgment for plaintiff, and defendant appeals. Affirmed.

W. L. Coffey and Ben C. Axley, for plaintiff in error.

E. I. Saddler, for defendant in error.

Opinion by RUTH, C. This is an action instituted by Dora Brown, plaintiff below, against Priscilla Folwell, defendant below, wherein the plaintiff seeks to recover damages from the defendant for the alienation of the affections of W. H. Brown, husband of the plaintiff.

Plaintiff's petition alleges she was married to W. H. Brown in Arkansas, in 1902, and that he provided for her until he met the defendant, and defendant practiced her wiles upon the said W. H. Brown, and in 1919 W. H. Brown left the plaintiff and went to Colorado Springs, Colo., upon the plea of ill health, and shortly thereafter defend-

ant went to Colorado Springs and met W. H. Brown, where they lived and cohabited together as man and wife, going thence to Los Angeles, Cal., thence to Oakland, Cal., in both of which cities they lived together as man and wife, and held themselves out to the public as Mr. and Mrs. Brown. That the defendant well knew the plaintiff and W. H. Brown were husband and wife, and defendant purposely and intentionally induced plaintiff's husband to have affection for the defendant to the exclusion of the plaintiff, and did by her acts and conduct towards the said W. H. Brown, alienate his affections from the plaintiff, and caused him to abandon her, and prays damages.

Defendant's answer consists of a denial in detail of the specific allegations contained in plaintiff's petition.

The cause was tried to a jury and a verdict returned for the plaintiff, and defendant appeals.

Defendant assigns errors and elects to consider them under two heads, viz: First, the court erred in admitting evidence on the part of the plaintiff and objected to by the defendant, and in overruling defendants motion for a new trial; second, the court erred in giving instruction No. 5 over the objection of the defendant, to which the defendant excepted.

It appears from the evidence that Dora Brown kept a rooming house in Tulsa, Okla., her husband, W. H. Brown, was a barber, Priscilla Folwell kept a rooming house and eating house, and while the Browns were on their way to the colored church they all attended, plaintiff's husband met defendant. Defendant fixed the time of meeting in 1917. The acquaintanceship ripened and when W. H. Brown was ill the defendant brought fruits and flowers to him at plaintiff's home and afterwards took his meals to him at the barber shop. Witness testified to the loving conversations had over the telephone between the husband of Dora and the defendant, of their loving embraces in the bedroom of defendant, of defendants declaration that she was going to Colorado Springs and take her "big daddy" (meaning plaintiff's husband) with her.

The testimony further discloses that W. H. Brown, in May, 1919, decided to go to Colorado Springs, Colo., for his health, and plaintiff gave him money for his transportation. Defendant testified that after she disposed of her interests in Tulsa she went to Colorado Springs early in June, 1919, and met W. H. Brown there "purely by accident." The evidence also includes a photograph taken in Oakland, Cal., of the defendant and her "big daddy" W. H. Brown, after the "accidental meeting" in Colorado Springs.

Plaintiff testified that shortly after W. H. Brown met defendant, he told plaintiff he loved the Folwell woman and did not love plaintiff any more, but it was not until 1919 that defendant succeeded in getting the plaintiff's husband to abandon plaintiff and meet defendant in Colorado Springs.

The objection of the defendant to the introduction of testimony was leveled against any testimony of any acts of the defendant and W. H. Brown after Brown told his wife in 1917 that he "loved the Folwell woman and did not love her." Clearly there was no error committed in the admission of this testimony.

The plaintiff charged defendant with practicing her wiles and blandishments on W. H. Brown from the time of their meeting until the abandonment of the plaintiff by her husband in May, 1919, and any acts of defendant that would tend to alienate the affections of the husband from the wife and cause the abandonment in 1919 were competent.

An action for damages for criminal conversation or alienating the affections of the spouse is not barred from the time of the commencement of the acquaintanceship or the practicing of the wiles and blandishments inducing the spouse to the abandonment, but is a continuous one. Bailey v. King, 27 Ont. App. 703.

The gist of an action by a wife for the alienation of her husband's affections is the loss of society, affection, assistance, and conjugal fellowship, and consortium of her husband. Ann. Cases 1912 C., 1183; Farneman v. Farneman, 46 Ind. App. 453.

"The period of limitations against an action for the enticement or alienation of the affections of a spouse runs from the date of the loss of the consortium, which may be when the plaintiff separated from the alienated spouse although it has been held that the time of accomplishment of the separation is not of the essence of the wrong."

"However, a complaint for alienating the wife's affections, stating that four years before defendant began to poison the wife's mind, does not show that the action is barred by the two years limitations where it further appears that the wife did not leave her husband, and declare she would no longer live with him, until two weeks before the suit commenced." 30 Corpus Juris, section 993, p. 1128; Wolle v. Luckenbach, 26 Pa. Dist. 907; Bockman v. Ritter, 21 Ind. App. 250, 52 N. E. 100.

The second assignment of error is to the

giving of instruction No. 5, which instruction was in the following words:

"If the jury finds from a preponderance of the evidence that the defendant knowingly, intentionally, wilfully, and maliciously intending an injury or had unlawful sexual intercourse with the husband of the plaintiff or by means of insidious wiles and deceit and flattery, alienated the love of, and affections of, the husband of the plaintiff from her, then their verdict should be for the plaintiff."

Defendant objects to but one portion of this instruction and argues that by the instruction the jury was advised "that if they found that the defendant had had unlawful sexual intercourse with the husband of the plaintiff, then they should find for the plaintiff," and cites Scott v. O'Brien (Ky.) 110 S. W. 260, 16 L. R. A. (N. S.) 742.

While it has been held that "where it does not appear that there was an alienation of affections, adultery with one spouse will not give the other a right of action for enticement or alienation" (Hodecker v. Sticker, 39 N. Y. S. 515; Ballard v. Money, 47 Ont. L. 132 Dom. L. R. 371), it is nevertheless true, that if by any one or more of the means set forth in instruction No. 5, the defendant did alienate the affections of plaintiffs husband, it was sufficient to maintain the action and the instruction properly stated the law.

The instruction is not only to be construed as to every sentence thereof, but must be construed as a whole and in connection with all the instructions given by the court, and it is not necessary that any particular paragraph thereof contain all the law of the case. It is sufficient if, when taken together and considered as a whole, they fairly present the law of the case, and there is no conflict between the different paragraphs thereof. Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 Pac. 1111; Chicago, R. I. & P. Ry. Co. v. Johnson, 71 Okla. 118, 175 Pac. 494; Newton v. Allen, 67 Okla. 73, 168 Pac. 1009. Chicago, R. I. & P. Ry. Co. v. Owens, 78 Okla. 50, 186 Pac. 1092; M. O. & G. Ry. Co. v. Collins, 47 Okla. 761, 150 Pac. 142; Allison v. Bryan, 50 Okla. 677, 151 Pac. 610; Badger Oil Co. v. Clay, 83 Okla. 25, 200 Pac. 433; Slick Oil Co. v. Coffey, 72 Okla. 32, 177 Pac. 915.

Defendant but incidentally mentions the fact that the court erred in refusing to give instruction No. 3, requested by the defendant, but failed to set forth the instruction in his brief.

Rule 26 of the Rules of the Supreme Court provides that "when a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately, the portion to which he objects or may save exceptions."

Where this rule is not complied with, the court will not consider objections to instructions given or the refusal of instructions. Jantzen v. Emanuel German Baptist Church, 27 Okla. 473, 112 Pac. 1127; Rhone Milling Co. v. Farmers, Etc., Bank, 40 Okla. 131, 156 Pac. 1095; Reynolds v. Hill, 28 Okla. 533, 114 Pac. 1108; Avants v. Bruner, 39 Okla. 730, 136 Pac. 593; Frick-Reid Supply Co. v. Aggers, 28 Okla. 425, 114 Pac. 622.

Finding no error in the record, the judgment of the trial court should, for the reasons herein stated, be affirmed.

By the Court: It is so ordered.