## WALLERSTEDT v. SULTAN et al.

No. 18293. Opinion Filed June 18, 1929.

Massingale & Duff and J. T. Bailey, for plaintiff in error.

Darnell & LaRue, for defendants in error.

TEEHEE, C. The parties to this case will be referred to according to their respective positions in the trial court, where they appeared in the reverse order of their appearance here.

The cause of action was predicated on an oral contract entered into by the parties on June 11, 1926, whereunder plaintiff, Clinton Motor Company, sold to defendant, H. C. Wallerstedt, certain machinery described as a combination harvester with a Fordson tractor, for a consideration of $1,675, payable

$100 cash on delivery and the balance by periodic installments according to the terms of a promissory note which was then executed by defendant. Plaintiff alleged delivery of the machinery on June 12, 1926, and that defendant failed to make the cash payment, and defaulted in the first installment of $500 on the due date thereof on July 11, 1926, as fixed by the terms of the note, which default at plaintiff's election matured the whole amount of the note, for which sums plaintiff prayed judgment against defendant, with interest at 10% per annum thereon from June 11, 1926, and an attorneys fee of $167.50, and the costs of the action. The suit was filed on August 18, 1926.

Defendant, admitting the transaction as alleged by plaintiff, answered, in substance, that in the negotiations resulting in the contract plaintiff warranted the quality and fitness of the machinery to do the work for which it was intended, otherwise he would not be required to keep and pay for the same; that upon his efforts in good faith to use the machinery for the purpose of its purchase, there resulted a total breach of warranty of quality and fitness therefor, so that it was rendered worthless and without value to him; that upon thus discovering its want of quality and fitness, he made proper offer of restoration of the machinery to plaintiff, whereupon there was a mutual rescission, and that the contract was then modified, whereby it was agreed that he should retain and pay for the tractor at a consideration of $593, which sum he tendered into court, and thereupon left the combination harvester on his premises subject to plaintiff's order, where the same has been since July 10, 1926, the date of said rescission and modification of the original contract. By counterclaim defendant alleged that in his efforts to use said machinery he suffered damage in the sum of $960, and thereupon prayed that plaintiff take nothing by its action, and that he have judgment against plaintiff in the amount of his said damage and his costs. Plaintiff, by reply, denied all new matter set out in defendant's answer.

The issues thus framed by the pleadings were whether there was a warranty of quality and fitness of the machinery within the terms of defendant's allegations, a total breach of warranty, a rescission of the contract, and resultant damage from an effort by defendant to use the machinery, with defendant assuming the burden of proof therein by reason of his affirmative defenses. Upon trial thereof, there was a jury verdict

and judgment thereon for plaintiff in accordance with the relief demanded.

Of the judgment, defendant complains under five separate propositions, which properly may be resolved into a single general proposition and so treated, namely, that the court erred in the giving of certain instructions to the jury, the points thereunder urged for reversal of the judgment being as follows:

"The instructions assume a conflict in the evidence concerning facts which are uncontroverted and admitted.

"The instructions present abstract theories and do not conform to the issues and evidence.

"The instructions are repetitions and place undue emphasis on certain issues.

"The instructions are conflicting and confusing.

"The instructions ignore and exclude material issues raised by the pleadings and supported by the evidence."

The particular instructions complained of are as follows:

"No. 4. If you find from a preponderance of the evidence that there was a mutual rescission of the sale contract between the parties; or that the defendant promptly, upon discovering that the said combine was defective, inefficient and failed to fulfill the warranty, if such facts existed, rescinded said contract by restoring or offering to restore all of said property to the plaintiff, then it will be your duty to find for the defendant.

"No. 5. You are instructed that unless you find from a preponderance of the evidence that the plaintiff warranted the machinery in question as alleged by the defendant and that there was a breach of said warranty, then your verdict should be for the plaintiff for the full amount sued for, with interest; but, on the other hand, if you find from a preponderance of the evidence that the plaintiff did warrant the machinery in question to the defendant, as alleged by the defendant, and that there was a breach of such warranty and that the defendant upon the discovery of such breach of warranty acted promptly and offered to return said machinery to the plaintiff, then your verdict should be for the defendant upon the note and item of account.

"No. 6. You are instructed that if you find and believe from the evidence that the machinery sold by the plaintiff to the defendant was sold under an express oral warranty as alleged by the defendant, and that after an effort in good faith on his part to use the same for the purpose for which it was intended and if the said machinery on account

of defects therein could not be so used, and that the defendant tendered the same back to plaintiff as soon thereafter as he ascertained that it could not be so used, and that the machinery would not perform the work for which it was intended, then the plaintiff would not be entitled to recover in this action. But, on the other hand, if you find and believe from the evidence that the machine filled the conditions of the warranty, if you find there was a warranty, and would reasonably perform the work for which it was intended, then your verdict should be for the plaintiff for the amount sued for.

"No. 7. You are instructed that if you find from a preponderance of the evidence that the plaintiff warranted the machinery in question as alleged by the defendant and that there was a breach of said warranty, and further find that in an effort to use said machinery, in harvesting said wheat, the defendant suffered injury in the loss of wheat through such unfitness of said machinery, then your finding will be for the defendant upon his cross-petition for such sum as you find defendant has been damaged by the loss of wheat in that manner, not to exceed the sum of $960.

"No. 8. You are instructed that if you find for the plaintiff under the evidence and these instructions, then your verdict shall be for the plaintiff for the sum of $1,675, with interest at 10% per annum from June 11, 1926.

"If you find for the defendant on his answer and cross-petition, then your verdict will be for the defendant and for such sum as you find from the evidence the defendant has been damaged, if any, by the loss of wheat, as alleged, not to exceed the amount sued for herein."

And the following instruction given by the court upon the request of the jury to be advised, if, under the law, they could find for plaintiff less any damage sustained by reason of the alleged breach of the warranty, to wit:

"Gentlemen, in reply to your question, you are instructed that if you find for the plaintiff in this action you cannot find for the defendant in damages in any sum. In order to find damages for the defendant you will have to find for the defendant on the issues in the case that the machinery was warranted to be fit for the purposes as set forth in the answer, and that it failed in that warranty, and that as a result of that failure and in an effort to operate the machinery he suffered damages. If you find that, you will find for the defendant."

The several points thus urged by defendant require our notice of the challenged instructions as a whole and together with the other instructions given, as it is the settled rule that jury instructions must be so considered and construed, and that if they fairly present the law of the case without conflict between the several paragraphs thereof, they will be deemed and held to be sufficient. Brown v. Brown, 104 Okla. 206, 230 Pac. 853. Thus proceeding, we may properly observe that the other instructions deal with the pleadings, burden of proof, definition of a warranty of quality and fitness, credibility, weight, and value of testimony, the number of jurors to find a verdict, and consideration of the instructions as a single charge though comprised of several separately numbered paragraphs, so that it may be said that the challenged instructions constitute the material body of the instructions given.

Analyzing them in the order of their statement, number 4 deals with the issue of rescission; number 5, with warranty and breach thereof, and of necessity rescission; number 6, with the elements of the two, and the effort to use the machinery; number 7, with the elements of the three, and the question of damage suffered in the attempted use. Number 8 is a summarized statement of the four, as likewise is the unnumbered instruction. They thus covered the issues framed by the pleadings, and, under the evidence of the parties, involved controverted questions of fact.

Without entering into detail, which would entail prolixity in our consideration thereof without subservience of a useful purpose as a legal proposition, it is enough to say that there is evidence in the record reasonably tending to support the verdict of the jury, in that there was not such a warranty falling within the terms of defendant's allegations, in that respect plaintiff's evidence being to the effect that it was represented that the machinery would perform the work of harvesting wheat, for which purpose it was purchased, as well as any other machine would do; that there was an effort made by defendant in good faith to use the machinery, and, having so done, defendant expressed himself as being satisfied therewith; that there was no rescission of the contract; that if it may be considered that there was a breach of warranty in that there was a wastage of grain in the course of harvesting, by reason whereof there may have resulted some damage, the same was due measurably to the immaturity of the grain or atmospheric conditions, and to the ridgy terrain covered, due to its having been tilled for cotton during the previous season; and that defendant, when he had harvested about half of his own acreage of about 160 acres, had

so expressed himself as being satisfied with the operation of the machinery, and thereafter continued harvesting to the completion of his own acreage and that of a 40-acre tract for another 18 miles away, without any intimation of his intention to assert a total breach of warranty until called upon for his obligation to make payment in accordance with the terms of the contract, which then was too late. In these circumstances, we are of the opinion that, under the general rule of construction referred to, the instructions complained of are not vulnerable in the premises of the points urged there against, though the several paragraphs may measurably appear to be repetitive in certain phases which of necessity the issues and evidence required for the purpose of clarity.

The judgment of the district court therefore is affirmed.

BENNETT, REID, LEACH, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See under (1) 14 R. C. L. p. 772; 4 R. C. L. Supp. p. 918; 5 R. C. L. Supp. p. 776; 6 R. C. L. Supp. p. 830; 7 R. C. L. Supp. p. 469. See "Trial," 38 Cyc. p. 1612, n. 14; p. 1666, n. 83; p. 1779, n. 75.