### Hogan *v.* Wolf.

*(Supreme Court, General Term, First Department. June 6, 1890.)*

Limitation of Actions—Running of Statute.

    The statute of limitations begins to run against a cause of action for enticing away plaintiff's husband and depriving her of his society and assistance from the time of the enticement, and is not in the nature of a continuing trespass.

Exceptions from circuit court, New York county.

Action by Catherine A. Hogan against Caroline Wolf. The complaint was dismissed, and the exception taken by plaintiff ordered heard in the first instance at general term.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Benjamin Patterson*, for plaintiff. *Edward C. James*, for defendant.

VAN BRUNT, P. J. This action was brought to recover damages because of the enticement of the plaintiff's husband from her in the year 1858, and the depriving the plaintiff of his comfort and society and assistance from that time until the time of his death, which occurred in 1885, 27 years after said alleged enticement. Among other defenses the defendant set up the six-years statute of limitation. Upon the opening of the plaintiff's counsel the counsel for the defendant moved to dismiss the complaint on the pleadings, which motion was granted, and exception duly taken, which was ordered to be heard in the first instance at the general term. The ground upon which the plaintiff seeks to avoid the statute of limitation is that her rights are similar to those of the owner of land upon which a continuing nuisance is maintained, and a cause of action is renewed each day as long as the nuisance causing the damage continues. I think that it would be difficult to assimilate actions for personal injuries to actions for trespass upon lands. In the one, all the damages suffered or to be suffered can and must be recovered in one action; in the other, future damages cannot be recovered. In a case similar to the one at bar, if a recovery is once had, without showing that a new cause of action has arisen, no new action can be maintained. The cause of action arises from the enticement, and without any new enticement no new cause of action arises. In the case at bar but one enticement is alleged. A cause of action then arose and should have been enforced within six years. As now no cause of action can be maintained because of that enticement, and no new one is alleged, the subsequent injuries resulting from that enticement cannot revive the right to sue. The exception should be overruled, and judgment entered in favor of the defendant with costs. All concur.