COMPTON v. HEISSENBUTTEL et al.

(Common Pleas of New York City and County, General Term. February 6, 1893.)

1. LIMITATION OF ACTIONS—CONTRACT TO PAY WHARFAGE—BREACH OF—WHEN ACTION ACCRUED.

Defendant, the charterer of plaintiff's boat, agreed "to pay the wharfage at the place of destination to the owner or lessee of the wharf." *Held*, that the action for a breach of the agreement accrued, so as to set running the statute of limitations, when defendant failed to pay the wharfage, rather than when plaintiff paid the same to release the boat from proceedings in rem.

2. SAME—ACTION FOR BREACH—DAMAGES.

In an action by the owner of a boat against the charterer, on an agreement to pay wharfage, where the cause of action is laid on the breach of the express agreement, and not on any implied contract of indemnity, the measure of plaintiff's damages is the amount of wharfage, with interest, exclusive of the amount plaintiff was compelled to pay to release the boat from attachment.

Appeal from city court, general term.

Action by Oscar Compton against John D. Heissenbuttel and others, charterers of plaintiff's canal boat, to recover for a breach of contract to pay wharfage. Plaintiff had judgment, which was affirmed by the city court at general term, (20 N. Y. Supp. 402,) and defendants appeal. Reversed.

For former reports, see 13 N. Y. Supp. 594; 16 N. Y. Supp. 524; 18 N. Y. Supp. 952, mem.

Argued before BOOKSTAVER, BISCHOFF and PRYOR, JJ.

Putney, Bishop & Slade, (James L. Bishop, of counsel,) for appellants.

Hyland & Zabriskie, for respondent.

PRYOR, J. When the case was before us on a former appeal, we held that the undertaking of the defendants was to pay the plaintiff the amount of the wharfage. It appears by the record that the proof varied on the second trial, and that the contract of the defendants was "to pay the wharfage at the place of destination to the owner or lessee of the wharf." In either event, however, the period of limitation is identical, namely, six years "after the cause of action has accrued." Code, §§ 380, 382. The defendants plead the statute in bar; and the precise point for adjudication is, when did the cause of action accrue? The rule is that in the case of torts quasi ex contractu, and in actions

for breach of contract, the statute begins to run at the date of the tort or the breach, and not when the damage ensues. 13 Amer. & Eng. Enc. Law, 722; Northrop v. Hill, 57 N. Y. 351; M'Kerras v. Gardner, 3 Johns. 137; Bogardus v. Young, 64 Hun, 398, 19 N. Y. Supp. 885; Hogan v. Wolf, (Sup.) 10 N. Y. Supp. 896. The cause of action alleged in the complaint is the breach by the defendants of an agreement "to pay the owner or lessee of the wharf all wharfage at the place of consignment," other averments being merely a statement of the damage consequent upon the imputed wrong. The respondent argues that either the engagement of the defendants was a contract of indemnity, in which case the right of action would emerge only on the occurrence of the loss indemnified against; or else that their liability was upon an implied agreement to reimburse plaintiff for money paid to their use, in which case the cause of action would arise only on the payment of the money by the plaintiff. But neither proposition is tenable. In undertaking to pay the wharfage, the defendants agreed thus to liquidate a part of their indebtedness for the hire of the boat; and in paying it, as between themselves and the plaintiff, they would have merely discharged their own proper obligation. The essential property of a contract of indemnity is an engagement to protect another against loss or liability to a third person; and this quality is not predicable of an undertaking for one's own act or debt, although the accomplishment of the act or payment of the debt would relieve the contractee from his liability to another. Hence, in the present case, as appears by the nature of the contract, as well as from the pleadings and proofs, the cause of action is the breach of the defendants' obligation to pay their debt, and not a failure to pay a debt of the plaintiff. Unquestionably between plaintiff and defendants the relation of surety and principal subsists; so that, upon payment of the wharfage by the former, he might have maintained against the latter an action on an implied assumpsit for money paid to their use. But the complaint proceeds neither upon a contract of indemnity nor an implied contract to reimburse plaintiff, but upon the breach of an express agreement to pay the wharfage; and upon this theory only was the case conducted to judgment. The defendants undertook to pay the wharfage, $10 in amount. Upon their default the plaintiff paid it; and, in an action on an implied assumpsit, he could recover only the $10, with interest. In fact, however, he has recovered $205.72, which sum embraces not only the $10 and interest, but consequential and collateral damages from the breach of defendants' agreement. The cause of action sued on, to wit, failure to pay the wharfage, accrued upon the default of the defendants to pay when due, namely, March, 1882. The action was commenced 8th August, 1888. The case is not one in which a demand was requisite to start the statute. Code, § 410; Bogardus v. Young, 64 Hun, 398, 19 N. Y. Supp. 885. Our conclusion is that the statute of limitations constituted a valid defense to the action.

Judgment reversed, and new trial ordered, costs to abide event.