Richards, ' J.
The original action was commenced in -the 'court of -common pleas by Ida B. Lyon -filing a petition to recover damages for the alienation of the affections of her husband. The trial resulted in a verdict and judgment in favor of the plaintiff in the amount of $2,500, and we are asked, because of numerous errors which are claimed to exist, to reverse this judgment.
The case was tried on the third amended petition, the answer thereto and the reply. The original petition was filed on June 27, 1916, and alleged the marriage of the plaintiff to Hervey C. Lyon on April 25, 1886, and averred that the mar- *142 adage relation had continued until June 26, 1916. On that day Mrs. Lyon and her husband were divorced, and on the succeeding day the husband married Sarah E. Smith, and this action was commenced by Ida B. Lyon, the divorced wife. Ida B. Lyon, the plaintiff, and Hervey C. Lyon are, or were at the time of the commencement of this action, the parents of two grown daughters. The petition further averred that early in the year 1905, the defendant commenced to commit adultery with plaintiff’s husband with the wilful and deliberate intention of alienating his affections from his wife. This petition and two successive amended petitions thereafter filed were held bad, presumably because of the statute of limitations, the pleadings containing the averment that the alienating of affections continued from early in the year 1905. The third amended petition, after setting out the marriage, avers that for the last four years prior to the beginning of the action the defendant continuously lived in a state of adultery with plaintiff’s husband, and that by reason thereof she has deprived plaintiff of the society of her husband, and his assistance and comfort, and has wilfully alienated his affections from her.
Although the action was planted and tried as one for the alienation of affections, we are met at the threshold of our investigation of the record with the third amended petition, which appears to set forth a cause of action not simply for the alienation of affections but also for criminal conversation. It is true that at common law the wife could not maintain an action for criminal conversation had with her.husband, and neither could *143 she maintain an action for the alienation of the affections of her husband. Under modern jurisprudence, which takes ¡cognizance of the enlarged rights of a married woman, all but two or three of the states of the Union have recognized the right of a wife to maintain an action for the alienation of the affections of her husband, and among the states recognizing that right is the state of Ohio. Westlake v. Westlake, 34 Ohio St., 621.
Under similar principles of jurisprudence, we see no reason why a married woman should not also have the right to maintain an action for criminal conversation with her husband, independent of any question of alienation of affections. The wife’s right of action is lucidly discussed and maintained in 13 Ruling Case Law, 1488, the author concluding with the following statement:
“Moreover, under modern statutes, the broad rule has been laid down that a married woman may maintain an action for criminal conversation with her husband, it being said that while the injurious consequences'of a wife’s adultery may be more farreaC'hing because of probable difficulties and embarrassments in respect of the legitimacy of children, her conjugal rights are in principle the same, substantially, as his, and that, no matter what the ancient 'doctrine may have been, modern morals and law recognize the equal obligation and right of husband and wife.” Dodge v. Rush, 28 App. Cas. (D. C.), 149, 8 Ann. Cas., 671.
It is true that the first petition in the case at bar was met with a motion to separately state and number the causes of action, which motion was overruled; but the plaintiff filed subsequent plead *144 ings, and no further attempt was made to compel a separation of the causes of action, and the case was tried and the jury charged as if the action were one only for the alienation of affections.
The answer consisted of a general denial and a plea of the statute of limitations, but the charge omits all reference to the statute of limitations, although much of the evidence that was introduced related to transactions occurring many years prior to the commencement of the action, some of them, indeed, extending back as far as the date which had been set out in the original petition filed by plaintiff, to-wit, the year 1905. By virtue of the provisions of Section 11224, General Code, paragraph 4, the right of action for the alienation of affections is limited to a period of four years after the cause of action accrued. An important question of fact therefore arose in the case as to when the cause of action accrued. The action being one for alienation of affections would evidently accrue when the affections were alienated. The right to bring an action would then arise, and when that right arose the statute of limitations. would begin to run. The gist of an' action for alienation of a husband’s affections is the loss of the society, affection and consortium of the husband. Just when the right to sue accrued was, of course, a question of fact to be determined by •the jury. The defendant contended that the right arose in 1905. This question should have been-submitted to the jury under proper instructions as to the law. (1 Encyclopedia of Evidence, 760.) If the right arose in 1905, it was, of course, barred by limitation when the action was commenced in *145 1916, unless the offense was condoned and the affections reinstated and again alienated within 'the statutory period of four years prior to the commencement of the action. The question is very clearly discussed in Farneman v. Farneman, 46 Ind. App., 453, which case was cited with approval by the supreme court of Indiana, on October 11, 1917, in the case of Fidelity & Casualty Co. of New York v. Jasper Furniture Co., 117 N. E. Rep., 258. See also 25 Cyc., 1148; Bookman v. Ritter, 21 Ind. App., 250; Hogan v. Wolf, 57 Hun, 588, 10 N. Y. Supp., 896, and Macfadzen v. Olivant, 6 East, 387. In this last case, Lord Ellenborough used the following language:
“The cause of action in these cases arises from the time of the injury done by the defendant by the corruption of the body and mind of the wife; for from that time she is less qualified to perform the duties of the marriage state.”
The invasion of the marital relation, which gives rise to a right of action independent of the question of criminal conversation, is clearly stated by Donahue, J., in the course of the opinion in Flandermeyer v. Cooper, 85 Ohio St., 327, 341, in the following language:
“This right is invaded whenever a third person through machination, enticement, seduction, or other wrongful, intentional and malicious interference with the marriage relation deprives the husband or wife of the consortium of the other.”
See also Sanborn v. Gale, 162 Mass., 412, although we think the rule is not very cautiously stated in this last case, as an action for alienation *146 of affections will lie although the wrongful conduct was 'not accompanied by adultery.
While the last amended petition limited the complaint to the period of four years, yet the evidence that was introduced covered, as has been said, a much longer period of time, and the charge permitted the jury to assess damages for alienation of affections, regardless of when it occurred, and scrupulously avoided giving the jury any instructions on the subject of criminal conversation.
The charge of the court contains instructions to the jury on the subject of common-law marriage between the defendant and Hervey C. Lyon. We are unable to see how the existence or nonexistence of a common-law marriage between them could in any wise affect the rights of the plaintiff below.
The judgment will be reversed and the cause remanded for a new trial.

Judgment reversed, and cause remanded.

Chittenden and Kinkade, JJ., concur.'