WEINMAN, APPELLANT, *v.* LARSH, APPELLEE.

[Cite as Weinman *v.* Larsh (1983), 5 Ohio St. 3d 85.]

(No. 82-789—Decided May 25, 1983.)

*Mr. Bruce A. Favret,* for appellant.
*Mr. Dennis A. Liggett,* for appellee.

*Per Curiam.* The sole issue presented before this court is whether an action which alleges that a woman has conceived, during wedlock, an illegitimate child by a man other than her husband may be maintaine'd by the husband in the court of common pleas as an action for past necessaries furnished, against the alleged natural father of such child.

The appellant relies on our decision in *Franklin* v. *Julian* (1972), 30 Ohio St. 2d 228 [59 O.O.2d 264], and urges this court to extend the holding therein to include persons such as himself. Paragraph two of the syllabus states:

"Proceedings upon a complaint filed by a married woman alleging that she has delivered a bastard child by a man other than her present husband will be arrested from the operation of R.C. 3111.01 *et seq.* (bastardy proceedings), but may be maintained in the Court of Common Pleas as an action for necessaries furnished the child or for future support or both. (*Baston* v. *Sears,* 15 Ohio St. 2d 166 [44 O.O.2d 144], overruled.)"

Appellant argues that he should be allowed to enforce the appellee's pur-

ported duty of support to the extent that the appellant had provided necessaries to the Weinman children in the past. It is the appellant's contention that a refusal to permit him to maintain an action for past necessaries furnished, against the alleged biological father, will amount to a violation of the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

We disagree, and hold that the dismissal of the present action must be affirmed since the appellant has failed to state a claim upon which relief can be granted. Civ. R. 12(B)(6). In addition, we agree with the trial court that the appellant has shown nothing to indicate that he has any standing whatsoever to establish appellee's paternity under either R.C. Chapter 3111 or the common law.

In reviewing the statutory framework and pertinent case law concerning this subject, we find that R.C. 3111.01 *et seq.,* as it existed at the institution of the present action, permitted an unmarried woman, *inter alia,* to maintain an action against the putative father for past necessaries furnished the illegitimate child and for future support.

In *Franklin, supra,* we held that the common law permitted a married woman to maintain an action for necessaries provided to the bastard child against a man other than her present husband for past support, or future support, or both. This decision also marked the rapid erosion of the archaic distinctions between legitimate and illegitimate children.

Finally, in *Johnson* v. *Norman* (1981), 66 Ohio St. 2d 186 [20 O.O.3d 196], we dispensed with the differentiation between legitimate and illegitimate children, and held that a minor child had a common-law right to bring a civil action against his father for maintenance and support, as well as requiring a determination of paternity as an incident thereto.

Conspicuously absent from this line of precedent and the controlling statutes, including the 1982 amendments to R.C. Chapter 3111, is the authorization for a husband to maintain an action against the alleged biological father to obtain reimbursement for past necessaries furnished, along with establishing paternity. With respect to the controlling precedent as it existed at the institution of the instant action, we find that our paramount concern in interpreting and expanding the relevant law was to insure that the welfare of the children involved was properly attended to. The present action does not attempt to advance this paramount concern, and thus we find it ill-advised to carve out another potential cause of action, as appellant proposes, which does not benefit or concern the interests of the children involved.

The equal protection claim so ardently advanced by appellant is not comparable to the equal protection violation we found and remedied in our decision in *Franklin.* In sum, we find no equal protection violation involved in the case at bar. Even if we were to apply the 1982 amended provisions of R.C.

Chapter 3111 retrospectively, the appellant still has no standing to maintain this present action.[1]

For the foregoing reasons, we find no statutory basis or common-law right for the maintenance of this action, and hereby affirm the judgment of the court of appeals.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

---

[1] In part, newly amended R.C. 3111.04 states with sufficient clarity:

"(A) An action to determine the existence or nonexistence of the father and child relationship may be brought by the child or child's personal representative, the child's mother or personal representative, a man alleged or alleging himself to be the child's father, or the alleged father's personal representative."