OPINION
Appellant Terry Rickett appeals the decision of the Court of Common Pleas, Ashland County, granting judgment against him on an action for necessaries brought by Appellee Brad Castle. The facts leading to this appeal are as follows. Brad Castle and Sharon Oxender were married in 1989 and divorced on April 4, 1994. During the marriage, on July 17, 1991, Clifford Daniel Lee Castle, now known as Daniel Oxender ("Daniel"), was born to Sharon. Upon the filing of the divorce action in November 1992, Castle maintained custody of Daniel, which lasted until February 1994. During the pendency of the divorce proceedings, genetic testing was conducted showing that Castle was not the biological father of Daniel. On June 3, 1994, Sharon, along with the Ashland County Child Support Enforcement Agency, commenced an action in Juvenile Court to determine the existence or nonexistence of paternity of Daniel. Appellant Rickett was thereafter determined to be the biological father of the child by means of genetic testing. In a judgment entry dated August 24, 1994, the trial court found appellant to be the father and established the existence of father and child relationship. In June 1995, Castle unsuccessfully sought an order of companionship with Daniel. On November 7, 1995, Castle filed an action in Juvenile Court, captioned "Complaint for Past Support of Child by a Third Party," requesting that Castle receive compensation from appellant and Sharon for the support he had provided Daniel. Castle eventually dismissed his action against Sharon. However, appellant's attempts to have the matter dismissed were unsuccessful. The trial court ultimately set the matter for trial on May 20, 1998, and rendered a decision on June 2, 1999. Based on the evidence presented, the court found that appellant had not provided any of the necessaries or support for the child from the date of birth to February, 1994, and rendered judgment against appellant for the reasonable value of the necessaries, or $3,000. Appellant timely appealed, and herein raises the following two Assignments of Error:
 I. THE TRIAL (SIC) ERRED WHEN IT DENIED DEFENDANT TERRY RICKETT'S MOTION TO DISMISS BY (SIC) THE CAUSE OF ACTION WHERE BRAD CASTLE FAILED TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED[.]
 II. THE TRIAL (SIC) ERRED WHERE RENDERING JUDGMENT IN FAVOR OF BRAD CASTLE AGAINST DEFENDANT TERRY RICKETT WAS CONTRARY TO LAW[.]
 I and II
As an initial matter, we note that none of the other parties to this appeal, most notably Castle, have filed briefs; therefore, we are permitted to accept appellant's statement of the facts and issues as true and "reverse judgment if appellant's brief reasonably appears to sustain such action." App.R. 18(C); Roy v. Fitzgerald (March 27, 1997), Guernsey App. No. 96CA43, unreported. We will consider both Assignments of Error together, as they both pertain to the validity of Castle's cause of action under these facts. In Weinman v. Larsh (1983), 5 Ohio St.3d 85, the Ohio Supreme Court addressed an action by a husband against the defendant-appellee, the alleged biological father, for past necessaries and for the establishment of the appellee as the legal father. The trial court dismissed the complaint under Civ.R. 12(B)(6) for failure to state a claim upon which relief could be granted and for failure by husband to show he had standing to establish the alleged father's paternity. The Supreme Court agreed, finding no statutory basis or common-law right for the maintenance of such an action. Id. at 87-88. The Seventh District Court of Appeals later commented in an analogous case: "In the Weinman action * * * the paramount concern, as framed in the complaint, was not for the children but rather for the plaintiff who had furnished support for the children. Obviously, the Supreme Court had no desire to tread into this field." Anderson v. Mayle (May 20, 1987), 1987 WL 4870, Carroll App. No. 542, unreported, at 2. The statutory authority cited by the trial court in the case sub judice is R.C. 3103.03(D), which states: If a parent neglects to support the parent's minor child in accordance with this section and if the minor child in question is unemancipated, any other person, in good faith, may supply the minor child with necessaries for the support of the minor child and recover the reasonable value of the necessaries supplied from the parent who neglected to support the minor child.
We fail to find any demonstration that appellant, who was not vested with the rights and responsibilities of legal paternity of Daniel until August 24, 1994, could prior thereto have "neglected" to support the child under this particular statute. It is fundamental in many areas of the law that where there is no duty, there can be found no neglect. See, e.g., Baker v. City of Willoughby Hills (1986), 33 Ohio App.3d 247, 248. Likewise, if a third party seeks recovery for necessaries for the benefit of a child, that provider "* * * must have unofficiously and in good faith provided necessary and reasonable goods or services with the intent to charge * * * [the parent's] credit, and only if * * * [the parent] neglected provision of such services and refused to do so." Aharoni v. Michael (1991), 74 Ohio App.3d 260, 264. Again, we are hard-pressed to find substantiation in the record that Castle provided support from 1991 to 1994 for Daniel, by law his own son during that period, with the intent of charging appellant's credit in the eventual hope of repayment. The trial court also relied on Palmer v. Harrold (1995), 101 Ohio App.3d 732, in reaching its decision. In that case, the appellant-father, a child support obligor, argued that the trial court had erred in finding that he owed child support payments to the his children's stepfather, with whom the children were residing during mother and stepfather's separation. Finding that a stepfather who takes children into his home in such a manner may stand in loco parentis to the children, the appeals court approved the redirecting of the support. Id. at 734. However, the appellant-father in Palmer was clearly already subject to and cognizant of a court-ordered duty of child support, thus creating a significant distinction with the situation encountered by appellant in the case sub judice. We are unable to apply Palmer to justify the trial court's decision under these facts. This case is another example of the dichotomies generated by the lately developed scientific techniques for determining biological parentage with scientific and legal certainty. The scientific developments curiously parallel the disintegration of premises and presumptions driven by societal views of family. Thus, historically, "[e]very child begotten in lawful wedlock is presumed in law to be legitimate." Powell v. State (1911), 84 Ohio St. 165, syllabus, overruled in part State ex rel. Walker v. Clark (1944), 144 Ohio St. 305. That conclusion was rooted in sound principles and withstood, for a time, the contra fact determination scientifically generated. Further, a child conceived with nine months of marriage was presumed be the child of the later husband, and, likewise, a child conceived during wedlock was presumed the child of the then husband, even though the marriage was dissolved before birth. Whatever the future impact of even more advanced and widespread genetic testing methods on such presumptions, under present Ohio law, the facts of this case do not warrant a successful cause of action for the recovery of necessaries by Castle under R.C. 3103.03 or a common law theory. The trial court erred in granting judgment to former husband Castle. Appellant's Assignments of Error are sustained. For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Ashland County, Ohio, is hereby reversed and the judgment vacated.
 ____________________________ Milligan, J.
By: Edwards, J., concurs. Gwin, P.J., dissents