DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} Appellant Phillip Phillips appeals the decision of the Summit County Court of Common Pleas that dismissed his claim for lack of subject matter jurisdiction. We affirm on grounds other than those identified by the trial court.
 {¶ 2} Appellant is married and has one child, Christopher, who was born on October 25, 1986. Appellant was married to his wife, Christopher's mother, on that date. His complaint in the trial court alleges that a paternity test has revealed that Christopher is not his biological son, and that Christopher's mother had Christopher as a result of extra-marital relations with Appellee, Kenneth Cochrum.
 {¶ 3} On March 6, 2006, Appellant filed a complaint against Appellee in the Summit County Domestic Relations Court, alleging that Appellee was the biological father of Christopher, and that Appellee owed Appellant reimbursement for Christopher's past support and maintenance from birth to majority. He framed his argument as a claim for unjust enrichment. Appellee filed a motion to dismiss, and Appellant voluntarily dismissed the claim on May 3, 2006. Appellant then filed, in the general division of the Common Pleas Court, an action that contained the same allegations and prayer for relief. Appellee moved to dismiss, and, on May 25, 2006, Appellant filed an amended complaint with the additional allegation of fraud. Appellee again moved to dismiss pursuant to Civ.R. 12(B)(6), arguing that Appellant had failed to state a claim. The trial court determined that it lacked subject matter jurisdiction, and dismissed Appellant's action on July 18, 2006.
 {¶ 4} Appellant timely appeals, presenting one assignment of error for review:
 FIRST ASSIGNMENT OF ERROR "The trial court erred in summarily dismissing this case on a procedural motion where [Appellant] has alleged sufficient facts to state a cognizable claim for unjust enrichment."[1]
 {¶ 5} In his assignment of error, Appellant contends that the trial court improperly dismissed his claims.
 {¶ 6} The trial court stated in its judgment entry that Appellant did not actually raise an unjust enrichment claim, but instead raised an issue of parentage. The court reasoned that the factual issue at the heart of Appellant's claim was whether Appellee was Christopher's biological father. Because the law draws a distinction between biological and legal parentage, R.C. 3111.01 gives the domestic relations division exclusive jurisdiction over legal determinations of parentage. The trial court concluded that Appellant improperly brought suit in the general division of the Common Pleas Court, which lacked jurisdiction.
 {¶ 7} Appellant now argues that his suit is not one to determine parentage, but one to remedy Appellee's unjust enrichment resulting from his not supporting the son he allegedly fathered. As support for its finding that it lacked subject matter jurisdiction, the trial court cited the Tenth District's decision in Caron v. Manfresca, 10th Dist. No. 02AP-471, 2002-Ohio-6027. However, we find that the controlling precedent is instead found in the Supreme Court of Ohio's decision inWeinman v. Larsh (1983), 5 Ohio St.3d 85, 448 N.E.2d 1384, and that, while the case was properly dismissed, the proper basis for dismissal was a Civ.R. 12(B)(6) dismissal for failure to state a claim.
 {¶ 8} A trial court may grant a Civ.R. 12(B)(6) motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts that would entitle that plaintiff to relief. O'Brien v. Univ. CommunityTenants Union (1975), 42 Ohio St.2d 242, 245, 327 N.E.2d 753. As this type of motion is predicated on the plaintiff's "failure to state a claim upon which relief can be granted," it is procedural and tests the sufficiency of the complaint. State ex rel. Hanson v. Guernsey Cty. Bd.of Comm. (1992), 65 Ohio St.3d 545, 548, 605 N.E.2d 378. The trial court must accept the plaintiff's factual allegations as true and make every reasonable inference in favor of the plaintiff. Byrd v. Faber (1991),57 Ohio St.3d 56, 60, 565 N.E.2d 584. Therefore, accepting these facts as true, an appellate court reviews the dismissal de novo, as a question of law. Perrysburg Twp. v. Rossford, 103 Ohio St.3d 79, 2004-Ohio-4362, at ¶ 5.
 {¶ 9} We will first examine the Ohio Supreme Court's decision inWeinman, whose facts are strikingly similar to the facts in this case. A husband discovered that the two children he had raised were actually the products of his wife's extra-marital affair. Weinman, at 86. The husband then filed a complaint demanding that the biological father, who had neglected to support his children, reimburse the husband for the necessaries he (the husband) had provided the two children. Id. The Supreme Court framed the issue in the case as follows: "[W]hether an action which alleges that a woman has conceived, during wedlock, an illegitimate child by a man other than her husband may be maintained by the husband in the court of common pleas as an action for past necessaries furnished, against the alleged natural father of such child." Id.
 {¶ 10} Clearly this is the issue that was before the trial court in Appellant's case, regardless of the fact that Appellant chose to call it a claim for unjust enrichment. In Weinman, the Supreme Court recognized that, by statute, an unmarried woman was permitted to maintain an action against a biological father for past necessaries furnished and for future support. Weinman, at 87, citing R.C. 3111.01 et seq. Prior to the Court's decision in Weinman, this statute had been extended to allow suits by married women against the biological fathers of their illegitimate children for past necessaries furnished, or for future support, or both. Id., citing Franklin v. Julian (1972),30 Ohio St.2d 228, 283 N.E.2d 813. However, the Weinman Court noted that,
 "[c]onspicuously absent from this line of precedent and the controlling statutes, including the 1982 amendments to R.C. Chapter 3111, is the authorization for a husband to maintain an action against the alleged biological father to obtain reimbursement for past necessaries furnished, along with establishing paternity. * * * [O]ur paramount concern in interpreting and expanding the relevant law was to insure that the welfare of the children involved was properly attended to. The present action does not attempt to advance this paramount concern, and thus we find it ill-advised to carve out another potential cause of action, as appellant proposes, which does not benefit or concern the interests of the children involved." Weinman, at 87.
 {¶ 11} This case falls squarely within this category of suits precluded by the Court's holding in Weinman. We find entirely unpersuasive Appellant's attempts to argue that Weinman is inapplicable to his claims. Appellant has attempted to seek reimbursement for the care and maintenance of a child he discovered was not his own. The child is no longer a minor, and his care and maintenance are no longer an issue, which belies any argument that this suit is for the good of the child. The Supreme Court has refused to allow husbands to bring suits against their wives' extra-marital partners for reimbursement for raising the partners' children, and we follow that precedent.
 {¶ 12} As the Supreme Court has expressly held that no claim exists in this context, we find that the trial court was correct in dismissing Appellant's cause of action, but should have done so by granting Appellee's motion to dismiss under Civ.R. 12(B)(6), on the grounds that Appellant's complaint failed to state a claim on which relief could be granted. We affirm the lower court's ultimate decision, but on separate grounds.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30. Costs taxed to Appellant.
MOORE, J., BAIRD, J., CONCUR
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.)
[1] We note that Appellant has only assigned error to the trial court's ruling on unjust enrichment. We therefore limit our analysis to this claim.