[Cite as *Newman v. Weinman*, 2012-Ohio-3464.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97857**

---

# JOSEPH P. NEWMAN

### PLAINTIFF-APPELLANT

vs.

# RUSSELL J. WEINMAN

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-745146

**BEFORE:** Blackmon, A.J., Boyle, J., and Keough, J.

**RELEASED AND JOURNALIZED:** August 2, 2012

**ATTORNEY FOR APPELLANT**

Gregory S. Costabile
Phillips, Mille & Costabile Co., LPA
7530 Lucerne Drive, Suite 200
Middleburg Heights, Ohio 44130

**ATTORNEY FOR APPELLEE**

Thomas A. McCormack
The Superior Building, Suite 1915
815 Superior Avenue, East
Cleveland, Ohio 44114

PATRICIA ANN BLACKMON, A.J.:

{¶1} Appellant Joseph P. Newman appeals the trial court's dismissal of his complaint and assigns the following errors for our review:

**I. The trial court committed reversible error in granting defendant-appellee's motion to dismiss.**

**II. The trial court committed reversible error in granting defendant-appellee's motion for attorney fees.**

{¶2} Having reviewed the record and pertinent law, we affirm the trial court's decision. The apposite facts follow.

{¶3} Joseph P. Newman and Sally Newman were married on March 3, 1990. Sally gave birth to two daughters and a son during the marriage. After graduating from college, and a year prior to getting married, Sally Newman began working as a physical therapist for Russell Weinman, the owner of Sports Rehabilitation Consultants. Later, in 1993, Sally Newman and Weinman, as equal partners, formed Tri-County Physical Therapy.

{¶4} Sometime in 1998, Sally Newman and Weinman, who was also married, began an extramarital affair, which advanced to one of a sexual nature. The relationship between Sally Newman and Weinman continued until 2007, when Sally Newman admitted to Joseph Newman of the affair. Contemporaneously, Joseph Newman discovered that he was not the biological father to the son Sally Newman gave birth to on

November 20, 1999. On October 29, 2009, Joseph Newman and Sally Newman divorced.

{¶5} On January 5, 2011, Joseph Newman filed the instant action against Weinman. In the complaint, Joseph Newman alleged that Weinman fathered the male child Sally Newman gave birth to in November 1999, and that Weinman was aware that he was the biological father, but tried to conceal the same.

{¶6} Joseph Newman asserted several claims against Weinman, including claims for fraud, misrepresentation, unjust enrichment, quantum meruit, intentional infliction of emotional distress, and negligence, flowing from his discovery of the extramarital affair between Sally Newman and Weinman. Joseph Newman primarily sought damages for the distress caused by the discovery of the affair, that he was not the biological father, and to recover support paid for the first 11 years of the boy's life.

{¶7} Ultimately, Weinman filed a motion to dismiss the complaint, or in the alternative summary judgment, and for attorney fees. Joseph Newman opposed the motion, but on September 6, 2011, the trial court granted Weinman's motion to dismiss and awarded attorney fees in the amount of $2,403.

## Motion to Dismiss

{¶8} In the first assigned error, Joseph Newman argues the trial court erred in granting Weinman's motion to dismiss.

{¶9} We review an order dismissing a complaint for failure to state a claim for relief de novo. *Perrysburg Twp. v. Rossford*, 103 Ohio St.3d 79, 2004-Ohio-4362, 814

N.E.2d 44. When reviewing a Civ.R. 12(B)(6) motion to dismiss, we must accept the material allegations of the complaint as true and make all reasonable inferences in favor of the plaintiff. *Johnson v. Microsoft Corp.*, 106 Ohio St.3d 278, 280, 2005-Ohio-4985, 834 N.E.2d 791. But "[u]nsupported conclusions of a complaint are not considered admitted * * * and are not sufficient to withstand a motion to dismiss." *State ex rel. Hickman v. Capots*, 45 Ohio St.3d 324, 324, 544 N.E.2d 639 (1989).

{¶10} For a defendant to prevail on the motion, it must appear from the face of the complaint that the plaintiff can prove no set of facts that would justify a court in granting relief. *Saks v. E. Ohio Gas Co,* 8th Dist. No. 97770*,* 2012-Ohio-2637, citing *O'Brien v. Univ. Comm. Tenants Union, Inc.*, 42 Ohio St.2d 242, 245, 327 N.E.2d 753 (1975).

{¶11} Although Joseph Newman asserted several causes of action, the core issue involves the mental anguish caused by his discovery of Sally Newman's extramarital affair, which resulted in the birth of a child. Joseph Newman now seeks to recover monetary damages from the biological father.

{¶12} The trial court dismissed Joseph Newman's complaint on the grounds that the claims asserted were precluded by R.C. 2305.29 and the Ohio Supreme Court's pronouncements in *Weinman v. Larsh*, 5 Ohio St.3d 85, 448 N.E.2d 1384 (1983).

{¶13} Turning first to the mental anguish stemming from these events, R.C. 2305.29, which abolished amatory actions, states in pertinent part as follows:

> **No person shall be liable in civil damages for any breach of a promise to marry, alienation of affections, or criminal conversation, and no**

**person shall be liable in civil damages for seduction of any person eighteen years of age or older, who is not incompetent * * *.**

{¶14} We conclude that Joseph Newman's first cause of action fits squarely under R.C. 2305.29, which provides a complete defense to the actions of alienation of affections and criminal conversation. *McCutcheon v. Brooks*, 37 Ohio App.3d 110, 524 N.E.2d 202 (10th Dist.1988). Alienation of affections refers to the enticement, seduction, or other wrongful and intentional interference by a third party with the marital relationship and that deprives either the husband or the wife of the consortium of the other. *Bailey v. Searles-Bailey*, 140 Ohio App.3d 174, 746 N.E.2d 1159 (7th Dist. 2000), citing *Smith v. Lyon*, 9 Ohio App. 141, (6th Dist. 1918). Criminal conversation refers to an action to redress the violation of a spouse's right of exclusive sexual intercourse. *Id.*, citing *Trainor v. Deters*, 22 Ohio App.2d 135, 259 N.E.2d 131 (1st Dist.1969).

{¶15} The sum and substance of Joseph Newman's complaint flows from Weinman's affair with Sally Newman. In *Strock v. Pressnell*, 38 Ohio St.3d 207, 527 N.E.2d 1235 (1988), the Ohio Supreme Court stated that "[t]hese are the very allegations that the General Assembly intended to preclude from judicial consideration and review when it enacted R.C. 2305.29." *Id.* at 215.

{¶16} Joseph Newman argues that his facts fall squarely within the intentional tort of infliction of emotional distress; we disagree. His type of action is what the legislature was trying to avoid, an amatory tort. All the proof necessary to support Joseph Newman's causes of actions, however characterized, stems from Sally Newman's

adulterous relationship with Weinman. As such, R.C. 2305.29 precludes Joseph Newman's first cause of action.

{¶17} Turning now to Joseph Newman's quest for reimbursement for past support of the minor child. On the authority set forth by the Supreme Court of Ohio in *Weinman*, we conclude the claim was properly dismissed. In *Weinman*, the court addressed an action by a husband against an alleged biological father for past necessaries that were provided by the husband for the benefit of the children during the period that the husband believed that the children, who were born during his marriage to the mother, were his own.

{¶18} The court concluded that such an action could not be maintained by the husband, and that the husband's claim was properly dismissed under Civ.R. 12(B)(6), because there was no statutory basis or common-law right for the maintenance of his action. Courts continue to rely on *Weinman*. *See generally Burel v. Burel*, 6th Dist. No. L-10-1057, 2010-Ohio-6216; *Oxender v. Castle*, 5th Dist. No. CA1315, 2000 Ohio App. LEXIS 3116 (Aug. 1, 2000); and *Phillips v. Cochrum*, 9th Dist. No. 23349, 2007-Ohio-247.

{¶19} Nonetheless, Joseph Newman argues that R.C. 3103.03(A), which was enacted after *Weinman*, should be controlling. Joseph Newman argues that said statute requires the biological or adoptive parent of a minor child to support the minor child out of the parent's property or by the parent's labor. Joseph Newman contends that Weinman has failed to support the child he fathered with Sally. Further, Joseph Newman

argues he brought his claim for necessaries pursuant to R.C. 3101.03(D), which pertinently provides:

> **If a parent neglects to support the parent's minor child in accordance with this section and if the minor child in question is unemancipated, any other person, in good faith, may supply the minor child with necessaries for the support of the minor child and recover the reasonable value of the necessaries supplied from the parent who neglected to support the minor child.**

{¶20} In reliance on R.C. 3101.03(D), Joseph Newman argues Weinman should reimburse him for the monies he spent for the first eleven years of the minor child's life. However, R.C. 3103.03(D) contemplates an action for recovery by a person, other than a parent, who may have supplied the minor child with necessaries. A child born during a marriage is presumed to be the child of the husband. *Michael H. v. Gerald D.*, 491 U.S. 110, 128-130, 109 S.Ct. 2333, 105 L.Ed.2d 91 (1989). This is a strongly guarded presumption in Ohio. *See Thomas v. Cruz*, 9th Dist No. 03CA008247, 2003-Ohio-6011, ¶ 14.

{¶21} During all relevant time periods, Joseph Newman was the minor child's father by law and, thus, was himself under a duty, as a parent, to support the child. *See* R.C. 3111.03(A)(1) (providing that a man is presumed to be the natural father of a child, where the man and the child's mother are or have been married to each other and the child is born during the marriage). Given that Joseph Newman was the minor child's father by law during the period for which he seeks to collect, he is without standing to maintain an action under R.C. 3103.03(D).

{¶22} Additionally, Newman argues, R.C. 3119.96 governs the instant action. On March 22, 2001, Senate Bill 180 went into effect, codified under R.C. 3119.96 et seq. The statute permits individuals in child support proceedings to challenge a prior paternity adjudication. R.C. 3119.961. The individual may obtain relief from a final judgment determining he is the father of the child at issue if genetic test results affirmatively demonstrate that there is a zero percent chance that he is the father. R.C. 3119.962(A)(1)(a).

{¶23} However, Newman's reliance on the above statute is similarly misplaced. Although R.C. 3119.96 et seq. permits actions to recover monies paid pursuant to a child support order, it does not affirmatively provide for a right to recover monies already paid pursuant to a child support order. Because the statute does not expressly provide for the ability to recover monies previously paid, it is presumed to operate prospectively only. R.C. 1.48. A statute is presumed to be prospective in its operation unless expressly made retrospective. *New Par v. Pub. Util. Comm.*, 98 Ohio St.3d 277, 2002-Ohio-7245, 781 N.E.2d 1008. Thus, even if R.C. 3119.96 et seq. was applicable, it would only terminate Newman's future support of the child genetic testing determined he had not fathered.

{¶24} Finally, Newman argues the trial court failed to consider the Third District's decision in *Dawson v. Dawson*, 3d Dist. Nos. 14-09-08, 14-09-10, 14-09-11, 14-09-12, 2009-Ohio-6029. However, Dawson is distinguishable from the facts of the instant case.

**{¶25}** In *Dawson*, a former husband sought reimbursement from the biological father of a child born during the former husband's marriage to the child's mother. The former husband and the child's mother divorced after he discovered he was not the biological father, the mother then married the biological father. Thereafter, the former husband, the child's mother, and the biological father agreed not to reveal the child's true parentage to him until he reached the age of majority. The former husband was designated residential parent and legal guardian of the child along with its two other siblings, and the biological father and mother were ordered to pay child support for the care of the child.

**{¶26}** After a convoluted procedural history, too lengthy to recount here in its entirety, involving simultaneous actions in both the juvenile and domestic relations courts, the biological father and the child's mother moved the juvenile court to grant them legal custody of the minor child. Ultimately, custody of the minor child was granted to the mother and biological father.

**{¶27}** Subsequently, former husband sought to recover child support for a period of six years that he was the legal guardian of the minor child. The court specifically found that the biological father owed the former husband child support for the benefit of the minor child from the date he filed his original paternity complaint, June 22, 2000, until the date when the child was consistently and continuously removed from former husband's custody, May 3, 2006.

**{¶28}** On appeal, the Third District ruled that former husband could seek enforcement of a support order pursuant to R.C. 3111.15, which in pertinent part provides:

> **(A) If the existence of the father and child relationship is declared or if paternity or a duty of support has been adjudicated under sections 3111.01 to 3111.18 of the Revised Code or under prior law, the obligation of the father may be enforced in the same or other proceedings by the mother, the child, or the public authority that has furnished or may furnish the reasonable expenses of pregnancy, confinement, education, support, or funeral, or by any other person, including a private agency, to the extent that any of them may furnish, has furnished, or is furnishing these expenses.**

**{¶29}** The court found that former husband could seek enforcement because from 2001 until 2006 former husband was the child's residential and legal custodian, and as such, provided expenses for the care and benefit of the child during those years. This Newman contends supports his position.

**{¶30}** However, in *Dawson*, unlike the present case, the period for which reimbursement was requested is after the former husband already knew he was not the biological father of the minor child, but by agreement, was designated residential parent and legal guardian of the child.

**{¶31}** Most importantly, in *Dawson*, a child support order was in effect for the benefit of the minor child. This child support order is specifically what former husband sought to enforce. Here, Newman seeks to be reimbursed for support he provided when he thought he was the biological father and when, as the presumed father, had a legal obligation to provide. Thus, *Dawson* is distinguishable from the instant case.

**{¶32}** Based on the foregoing, the trial court properly dismissed Newman's claim for failure to state a claim for which relief could be granted. Accordingly, we overrule the first assigned error.

### Attorney Fees

**{¶33}** In the second assigned error, Newman argues the trial court erred in awarding attorney fees to Weinman.

**{¶34}** In the instant case, Weinman moved the court to grant attorney fees pursuant to R.C. 2323.51 and Civ.R. 11, alleging Newman pursued claims that were neither supported by the facts or law, nor a good faith argument for modification or extension of the law.

**{¶35}** The decision to grant or deny attorney fees pursuant to R.C. 2323.51 lies in the sound discretion of the trial court and will not be disturbed absent an abuse of that discretion. *State ex rel. Striker v. Cline*, 130 Ohio St.3d 214, 2011-Ohio-5350, 957 N.E.2d 19, ¶ 11. In order to find an abuse of that discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983). Under this standard of review, an appellate court may not merely substitute its judgment for that of the trial court. *Pons v. Ohio State Med. Bd.*, 66 Ohio St.3d 619, 614 N.E.2d 748 (1993).

**{¶36}** R.C. 2323.51 provides that a party adversely affected by frivolous conduct may file a motion for an award of court costs, reasonable attorney fees, and other reasonable expenses incurred in connection with the civil action.

**The term "conduct" is defined as "the filing of a civil action, the assertion of a claim, defense, or other position in connection with a civil action, or the taking of any other action in connection with a civil action * * *." R.C. 2323.51(A)(1)(a).**

**The term "frivolous" is defined as conduct by a party to a civil action that "is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law." R.C. 2323.51(A)(2)(a)(ii).**

**{¶37}** In determining whether the claim itself is frivolous, the test is whether no reasonable lawyer would have brought the action in light of the existing law. *Orbit Electronics, Inc. v. Helm Instrument Co. Inc.*, 167 Ohio App.3d 301, 2006-Ohio-2317, 855 N.E.2d 91, ¶ 47 (8th Dist.), citing *Riston v. Butler*, 149 Ohio App.3d 390, 397-398, 2002-Ohio-2308, 777 N.E.2d 857 (1st Dist.); *Lisboa v. Kleinman*, 8th Dist. No. 89703, 2008-Ohio-1270. "In other words, a claim is frivolous if it is absolutely clear under the existing law that no reasonable lawyer could argue the claim." *Riston* at ¶ 30, quoting *Hickman v. Murray*, 2d Dist. No. CA 15030, 1996 Ohio App. LEXIS 1028 (Mar. 22, 1996).

**{¶38}** Here, the trial court specifically found in pertinent part, as follows:

**That plaintiff's attempt to plead his causes of action in a manner attempting to circumvent the established statutory and case law are not well taken. Therefore, the Court finds that there was no bases for the complaint under existing law and reasonable attorney fees will be awarded to the defendant.** Journal Entry 09/06/2011.

**{¶39}** As discussed in the previous assigned error, Newman's claims are precluded under R.C. 2305.29, which abolished amatory actions. We conclude that a cursory review, prior to the filing of the complaint, would have uncovered the current

state of case law relating to these matters.   As such, the trial court did not err in awarding attorney fees in the instant matter.   Accordingly, we overrule the second assigned error.

{¶40}   Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


                       _____

PATRICIA ANN BLACKMON, ADMINISTRATIVE JUDGE

MARY J. BOYLE, J., and
KATHLEEN ANN KEOUGH, J., CONCUR